CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY
UPPER MARLBORO MARYLAND CIVIL DIVISION

NORMAN WILLIAMS
5802 Dade Street
Capitol Heights, MD 20743,

DIANE HOWE
1331 Alabama Ave. SE
Washington, DC, 20035
as Legal Representatives of J.H.,

KEVIN ATTAWAY,
Washington, D.C.

   and

JAMEL BLAKELEY,
Washington, D.C.,

   Plaintiffs.

              CIVIL ACTION NO: CAL14-24024

   v.

ROMARM S.A.
Bd. Timisora nr. 5B, Sector 6
Bucharest
ROMANIA 061301,

Defendant.

Attorneys Representing:
Anthony Pisciotti,
Jeffrey M. Malsch
30 Columbia Turnpike
Suite 205
Florham Park, New Jersey 07932

## COMPLAINT

## JURISDICTION

1. Plaintiffs, Norman Williams and Diane Howe (Williams), et al., refile their case within the statutory period of thirty (30) days, pursuant to Maryland Rule 2-101, having been dismissed by the U.S. District Court for the District of Columbia and affirmed by the D.C. Circuit for lack of jurisdiction on August 18, 2014, in the case of **Williams, et al., v. Romarm, S.A,** 756 F.3d 777 (D.C. Cir. 2014);

2. This case is brought under the Foreign Sovereign Immunity Act (FSIA), 28 U.S.C. 1330(a) and its corresponding commercial exception to sovereign immunity through 28 U.S.C. 1605(a)(2);

## BACKGROUND

3. This action involves death and injuries from the discharge of a Romarm WASR 10 semi-automatic assault weapon, which occurred in the District of Columbia where such weapons are banned and where there is no jurisdictional contacts as the weapon was transported from the State of Maryland, through agreement with a U.S. Distributor, Century Arms International (Century), to sell its arm throughout the United States except the District of Columbia;

4. Defendant, Romarm's, marketing operation is to sell its weapons to Century outside the United States for distribution to its dealers inside the United States, including Maryland. The weapon used in this case was transported from Maryland to the District of Columbia where it was used to kill and severely wound the plaintiffs, including the deceased, J.H., represented by his Legal Representatives.

## PARTIES

5. Plaintiffs, Williams, are the Legal Representatives of J.H., based on his traumatic wounding and wrongful death by the use of a Romarm S.A. (Romarm) assault weapon, which occurred in the District of Columbia on or about March 22, 2010;

6. Plaintiffs, Kevin Attaway and Jamel Blakeley were injured by the same Romarm weapon in the days following the wrongful death of J.H., which is causally connected to the death of J.H., on or about March 30, 2010;

7. Defendant, Romarm, is a 100% state owned organ of the Romanian government, and as such, is a "foreign state" for purposes of the Foreign Sovereign Immunity Act (FSIA), and "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the [local] or district courts have [subject matter] jurisdictions under" 28 U.S.C. Sec. 1603 (a) and "where service has been made under" Sec. 1608.   EXH·A

8. Romarm's international gun operations, causing injury and death to the parties in the United States, has a "direct effect" in the United States through its sales abroad to its distributor, Century, destined for the U.S. market.

9. On belief and information, Romarm, maintains a loyalty and contractual agreement with its U. S. distributor, Century, in Romarm maintains supervision and control over the sale, distribution and after-sale of its products, which has a substantial effect in the United States "as a direct and foreseeable result of [its] conduct outside the territory" of the United States; Sec. 1330;

## JURISDICTION II

10. Jurisdiction under the FSIA, is further found on "personal injury and death", pursuant to Sec. 1605(a)(5) as money damages are being sought against a foreign state

for personal injury and death occurring in the United States;

## VENUE

11. Venue is proper under 28 U.S.C. 1391(b)(2), and (e)(2) in Maryland where a substantial part of the events or omissions giving rise to the claim occurred through the sale and purchase of the weapon in the State which was later transported to the District of Columbia;

12. Venue is also found on 28 U.S.C.1391 (d), as an alien may be sued in any district in the United States;

13. Finally, under 28 U.S.C.1391 (e)(3), venue is founded on where the plaintiff resides, if no real property is involved. Here, the lead Plaintiff, the father, and legal representative of J.H., Norman Williams, resides in the State of Maryland;

14. Other plaintiffs to this action, who reside in the District of Columbia, may be juridically supported through the court's Supplementary Jurisdiction;

## FIRST CAUSE OF ACTION

15. Plaintiffs' primary cause of action is through the District of Columbia's Assault Weapons Manufacturing Strict Liability Act (SLA), D.C.Code Sec. 7-2501.01., et seq., which allows for strict liability, "without regard to fault or proof of defect for all direct and consequential damages that arise from bodily injury or death .. if it proximately results from the discharge of the assault weapon…";

## SECOND CAUSE OF ACTION

16. Plaintiffs' suit is also based on the "Wrongful Death Act of 2012" in the District of Columbia, passed as an Emergency Act (D.C. Code Sec. 16-2701-2), to extend the

Wrongful Death Statute of Limitations from one to 2 years, which was prompted, in major part, by the multiple killings and personal injuries which are part of the claims here;

16. Plaintiff's Legal Representative for J.H. also makes a claim under the Survival Act (1981 D.C. Code Sec.12-101) for pain and suffering as a result of traumatic injuries which occurred at the time of J.H.'s death from the discharge of the Romarm assault weapon;

### THIRD CAUSE OF ACTION

17. Plaintiffs, Kevin Attaway and Jamel Blakeley, sue for personal injuries, including permanent paralysis of plaintiff, Ken Attaway, sustained from the discharge of Romarm's assault weapon;

### FOURTH CAUSE OF ACTION

18. Plaintiffs further allege Public and Private Nuisance, that Romarm has failed to assert proper controls over its assault weapons sold into the United States market through its distributors and dealers, resulting in its abnormally dangerous products being attracted to and illegally transported into the District of Columbia where such weapons are banned; Further, such sales into the State of Maryland endangers the health and safety of not only the State for incoming assault weapons, but the surrounding jurisdictions, as individuals can obtain these weapons within the State of Maryland;

### FIFTH CAUSE OF ACTION

19. Plaintiffs further allege that Romarm has negligently distributed and marketed its abnormally dangerous weapons through distributors and dealers in the U.S., without

adequate safeguards or control over its distributors and dealers, to insure such weapons will not be sold illegally or stolen from its points of distribution. Instead, Romarm's loyalty and contractual agreements with its American distributor, Century, and its dealers, do not extend to protecting the public from the obvious dangers that lurk from the sale of its products primarily, designed for military-style warfare, as exemplified by the drive-by shooting claims pursued in this case.

## DAMAGES

Legal Representatives of J.H., Norman Williams and Diane Howe, sue in damages for Five Million ($5,000,000) Dollars for Wrongful Death and under the Survival Act of the District of Columbia for the personal injury and death of J.H.;

Plaintiff, Kevin Attaway, who was severely injured and is paralyzed, seeks Ten Million ($10,000,000) dollars in damages for personal injuries;

Plaintiff, Jamel Blakeley seeks Five Million ($5,000,000) Dollars in damages for personal injuries.

Plaintiffs seek attorney fees and costs related to this action.

Respectfully submitted,

Daniel Wemhoff, esq. #420233
4600 S. Four Mile Run Dr. #831
Arlington, VA 22204
(703) 589-2199

## CERTIFICATION

I hereby certify that I have been a member of the Maryland Bar since 2002.

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing refiled complaint to the attorneys for the Defendant, Romarm, S.A., listed at the addresses given in the caption on this date, the 2nd of September 2014.

Daniel Wemhoff