## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORMAN WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | )    Case No.: 8:14-cv-03124-TDC |
| | ) |
| v. | ) |
| | ) |
| ROMARM S.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Romarm S.A. ("Romarm"), by and through its undersigned attorneys, and brings this motion to dismiss Plaintiffs' Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTUAL AND PROCEDURAL HISTORY

This case arises from criminal shootings that occurred in Washington, D.C. in March 2010.  (See Dkt. No. 1-1, Plt. Compl., ¶¶ 5-6.)  "Romarm is a foreign corporation and firearms manufacturer owned by the Romanian government and located in Bucharest, Romania. Romarm sells its products in Romania to an American distributor that imports them into the United States for sale."  Williams v. Romarm, S.A., 756 F.3d 777, 778 (D.C. Cir. 2014).[1]

---

[1] The Court may take judicial notice of "prior pleadings, orders, judgments, and other items appearing in the Court's records of prior litigation that is closely related to the case sub judice," particularly where the facts were not disputed in the prior litigation. Hackett v. Storey, No. 3:03CV395 (JBA), 2003 U.S. Dist. LEXIS 23366, *2 (D. Conn. Dec. 30, 2003).  A District Court may also properly consider the following categories of documents when deciding a Rule 12(b)(6) motion to dismiss:  (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; (4) matters integral to or upon which plaintiff's claim is based. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006); Geco Corp. v. H.D. Smith Wholesale Drug Co., Civ. No. 06-0685 (DMC), 2006 U.S. Dist. LEXIS 84130, *5-6 (D.N.J. Nov. 17, 2006).

I.     **PLAINTIFFS NORMAN WILLIAMS AND DIANE HOWE FILED A FIRST LAWSUIT AGAINST ROMARM IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA.**

On or about April 22, 2011, Plaintiffs Norman Williams and Diane Howe commenced a lawsuit against Romarm in the Superior Court of the District of Columbia ("First Lawsuit"). (Ex. A, Dkt. Sheet for 2011 CA 002349.)   The plaintiffs made no attempt to serve either complaint.   A Second Amended Complaint was subsequently filed on or about August 30, 2011. (Ex. B, Plt. Am. Compl. 8/30/11.)   Defendant Romarm timely removed the case to the District Court for the District of Columbia where the case was assigned to District Judge Amy Berman Jackson, and Romarm filed a motion to dismiss for lack of personal and subject matter jurisdiction.   (Ex. C, Dkt. Sheet for Civ. Action No. 1:11-cv-01924-ABJ.)   On or about March 26, 2012, Plaintiffs Williams and Howe voluntarily dismissed their pending lawsuit, and the case was dismissed on April 2, 2012.   (Ibid.)

II.    **PLAINTIFFS WILLIAMS AND HOWE FILED A SECOND LAWSUIT AGAINST ROMARM IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.**

On March 20, 2012, less than one week before voluntarily dismissing their First Lawsuit, Plaintiffs Williams and Howe filed a second lawsuit against Romarm in the District Court for the District of Columbia ("Second Lawsuit"), and the case was assigned to District Judge Emmet G. Sullivan.   (Ex. D, Plt. Comp. 3/20/12; Ex. E, Dkt. Sheet for Civil Action No. 1:12-cv-00436-EGS.)    In that action, Mr. Williams represented that he was a citizen of the District of Columbia and that his residence was listed as 3935 9th Street, N.E., Washington, DC 200176.   (Ex. D at p. 1.)

A.     **Plaintiffs Williams and Howe's Allegations Against Romarm.**

Plaintiffs asserted wrongful death claims arising from the shooting death of their son, J.H., on March 22, 2010 in the District.   (Ex. D, ¶¶ 1-2.)   Specifically, Plaintiffs alleged that

Romarm manufactured, assembled, and/or distributed the incident rifle that was ultimately utilized in the shooting deaths of Plaintiffs' decedent.  (Id. ¶ 2.)  Plaintiffs alleged further that the presence of the incident weapon in the District of Columbia constituted a public nuisance.  (Id. ¶ 5.)  Finally, Plaintiffs contended that Romarm was strictly liable pursuant to the District of Columbia's Assault Weapons Manufacturing Strict Liability Act, D.C. Code §§ 7-2551.01(1)(A), *et seq.* ("SLA").  (Id. ¶ 3.)  There were no other liability allegations in the Complaint.  (Ibid.)

Plaintiffs contended that there was specific personal jurisdiction, pursuant to District of Columbia Code § 13-423(a)(3), because a rifle manufactured by Romarm  "was used to kill J.H. in the District."  (Id. ¶ 2.)  Plaintiffs also contended that personal jurisdiction was proper pursuant to the SLA.  (Id. ¶ 3.)  Finally, Plaintiffs claimed that subject matter jurisdiction was based on the commercial activity exception to the Foreign Sovereign Immunity Act, 28 U.S.C. § 1330, *et seq.* ("FSIA").  (Id. ¶ 6.)  Plaintiffs' Complaint contained no other allegations to support jurisdiction.

### B.    The District Court Granted Romarm's Motion to Dismiss Pursuant to Rule 12(b).

On May 14, 2012, Romarm filed a motion to dismiss pursuant to Rule 12(b), arguing that Plaintiffs' Complaint must be dismissed (1) pursuant to the FSIA, (2) due to lack of personal jurisdiction, and (3) because the applicable statute of limitations had expired.  (Ex. E, Dkt. Sheet for Civil Action No. 1:12-cv-00436-EGS.)  Despite the plaintiffs' failure to timely file an opposition, District Judge Sullivan permitted the plaintiffs to file an opposition nine months late (January 18, 2013).  (Ibid.)

On February 4, 2013, the District Court issued an order granting Romarm's motion to dismiss pursuant to Rule 12.  (Ex. F, Order 2/4/13.)  The District Court exercised its discretion to

address personal jurisdiction before addressing subject matter jurisdiction and found that Plaintiffs failed to allege personal jurisdiction over Romarm.   Since the District Court determined that its holding on the personal jurisdiction issues resolved the case, the District Court did not reach a determination on Defendant's motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted.  The Order was entered on February 4, 2013.  (Ex. E, Dkt. Sheet for Civil Action No. 1:12-cv-00436-EGS.)  The case in the United States District Court for the District of Columbia was terminated on February 5, 2013.  (Ibid.)

### C.   The United States Court of Appeals for the District of Columbia Circuit Affirmed the Dismissal.

After Plaintiff appealed the ruling, on July 1, 2014, the United States Court of Appeals for the District of Columbia Circuit affirmed the decision to dismiss the lawsuit for lack of personal jurisdiction.   See Williams v. Romarm, S.A., 756 F.3d 777 (D.C. Cir. 2014).   In affirming the District Court, it was specifically held that (1) the due process clause applies to Romarm because it was a separate entity from the Romanian State and (2) there were insufficient contacts between Romarm and the District of Columbia to permit jurisdiction:

> Appellants have the burden of establishing a factual basis for the court's exercise of personal jurisdiction over Romarm. See Crane, 894 F.2d at 456. Appellants argue their burden is met here because they alleged Romarm sold its products to an American distributor, fully aware the distributor would sell these products in the United States. Additionally, they insist Romarm should have been aware criminals would traffic the weapons into the District of Columbia, even though the District prohibits assault rifles. To illustrate this contention, Appellants point to police records showing that forty-one weapons manufactured by Romarm were recovered within the District during a four-year-period. Thus, Appellants argue it was "highly foreseeable, if not probable, that [Romarm's] products [would], by [their] attractive nature to criminals and others, crossover into forums, such as the District of Columbia, where they are prohibited." Appellants' Br. at 7.
>
> Nicastro makes clear that a manufacturer's broad desire to target the United States through a distributor will not suffice. See 131 S. Ct. at 2791-92 (Breyer, J.,

concurring in the judgment); see also id. at 2790 (plurality opinion) ("These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market."). Rather, Appellants must allege conduct specific to the forum in some way. Yet the only District-specific information Appellants proffer is that *some* Romarm-manufactured weapons have ended up in the District through criminal trafficking. Here, we do not even have the isolated *sale* that Nicastro found insufficient. Instead, Appellants rely solely on the "mere unilateral" (and criminal) activity of others—activity that takes place after the standard chain of distribution is complete; this cannot satisfy due process. See World-Wide Volkswagen Corp., 444 U.S. at 298; see also Nicastro, 131 S. Ct. at 2792 (Breyer, J., concurring in the judgment). Even under the broadest stream-of-commerce theory, stream of commerce cannot mean "unpredictable currents or eddies." Asahi, 480 U.S. at 117 (Brennan, J., concurring in part and concurring in the judgment); see also Nicastro, 131 S. Ct. at 2792 (Breyer, J., concurring in the judgment). Absent facts showing Romarm targeted the District or its customers in some way—which do not exist in the record—due process will not permit the district court to exercise its jurisdiction over Romarm.

Id. at 785-86.  On July 31, 2014, Plaintiff filed a Petition for Rehearing *En Banc*, which was denied on August 18, 2014.  Mandate was issued to the District Court on September 2, 2014.

## III.   PLAINTIFFS FILED A THIRD LAWSUIT AGAINST ROMARM IN MARYLAND STATE COURT.

On or about September 2, 2014, Plaintiffs Williams and Howe along with new Plaintiffs, Kevin Attaway and Jamel Blakeley, filed a third lawsuit in the Circuit Court for Prince George's County, Maryland.  (Dkt. No. 1-1, Plt. Md. Compl.)   According to the Complaint, Plaintiffs Howe, Attaway, and Blakeley are all citizens of Washington, DC.  (Id. at p. 1.)  Contradicting the previous filings (where Mr. Williams averred that he was a citizen of Washington, D.C.), it is claimed that Plaintiff Williams is now a resident of Maryland (5802 Dade Street, Capitol Heights, Maryland).  (Ibid.)

Plaintiff Williams and Howe allege that their son (J.H.) was killed in Washington, D.C. on or about March 22, 2010.  (Id. ¶ 5.)  Plaintiffs Attaway and Blakeley claim that they were injured on or about March 30, 2010 in a separate shooting in Washington, D.C.  (Id. ¶ 6.)

Plaintiffs claim that the second shooting was "causally connected to the death of J.H."  (Ibid.)

Plaintiffs collectively allege that Romarm, a Romanian company, manufactured, assembled

and/or distributed a rifle that was allegedly involved in the shootings.  (Id. ¶¶ 8-9.)  The only

connection to Maryland is the blanket allegation that the rifle was "transported from Maryland to

the District of Columbia where it was used to kill and severely wound the plaintiffs."  (Id. ¶ 3-

4.)

Plaintiffs allege that jurisdiction is proper pursuant to Maryland Rule 2-101 and pursuant

to the FSIA.  (Id. ¶¶ 1-2.)  Plaintiffs allege that venue is proper pursuant to 28 U.S.C. §  1391

because "a "substantial part of the events or omissions giving rise to the claim occurred" in

Maryland and because "the lead plaintiff" resides in Maryland.  (Id. ¶¶ 11-13.)  Plaintiffs further

allege that the "[o]ther plaintiffs to this action who reside in the District of Columbia may be

juridically supported through the court's supplemental jurisdiction."  (Id. ¶ 14.)

Plaintiffs bring five (5) causes of action:  (1) strict liability based upon the District of

Columbia's Assault Weapons Manufacturing Strict Liability Act; (2) pursuant to the District of

Columbia's wrongful death act; (3) for personal injuries to Attaway and Blakeley; (4) public and

private nuisance for allowing a third party to utilize the subject rifle in Washington, D.C.; and (5)

negligent distribution and marketing.  (Id. ¶¶ 15-19.)

**ARGUMENT**

I.   <u>PLAINTIFFS' LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(5).</u>[2]

    A.   <u>Standard.</u>

On a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. <u>See</u> <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir. 1989).  The plaintiff must allege specific facts connecting the defendant with the forum.  <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 30, 396 (4th Cir. 2003).  Although a plaintiff's complaint should be afforded a liberal reading, the court should not, however, treat all of the plaintiff's allegations as true. <u>Mylan Lab., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 60 (4th Cir. 1993).

    B.   <u>Analysis.</u>

        1.   **Plaintiffs Must Plead Facts Establishing That Defendant Has Minimum Contacts With the Forum.**

Under the FSIA, a district court has subject matter jurisdiction over "any nonjury civil action against a foreign state . . . as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity."  28 U.S.C. § 1330(a).  The Act defines the term "foreign state" expansively as it includes not only foreign sovereigns but also any "political subdivision of a foreign state or instrumentality of a foreign state."  <u>Id.</u> § 1603(a).  An "agency or instrumentality of a foreign state"  includes any foreign corporation "a majority of whose shares .

---

[2] A Court can choose to address the personal jurisdiction issue prior to addressing subject matter jurisdiction.  <u>See</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 578 (1999).  Defendant contends that there is no subject matter jurisdiction over the Defendant because it is presumptively immune from subject matter jurisdiction under the FSIA. 28 U.S.C. § 1603(a)-(b).  The "commercial activities" exception in 28 U.S.C. § 1605(a)(2) is not applicable and, even if it were, Plaintiffs' purported causes of action do not "arise from Defendant's manufacturing of the subject firearm."  <u>Transatlantic Shiffahrtskontor GmbH v. Shanghai Foreign Trade Corp.</u>, 204 F.3d 384, 390 (2d Cir. 2000), <u>cert. denied</u>, 532 U.S. 904 (2001); <u>Fed. Ins. Co. v. Richard I. Rubin & Co.</u>, 12 F.3d 1270, 1272 (3d Cir. 1993), <u>cert. denied</u>, 511 U.S. 1107 (1994).  However, given the straightforward nature of the personal jurisdiction issue, Defendant respectfully contends that the personal jurisdiction issue is dispositive and subject matter jurisdiction need not be addressed.

. . [are] owned by a foreign state." Id. § 1603(b).  In this instance, no party has disputed that Romarm is considered an "agency or instrumentality of a foreign state" under Section 1603(b) and, as such, meets the definition of a "foreign state" under the FSIA.

In dealing with personal jurisdiction, the FSIA states that "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have [subject-matter] jurisdiction under" § 1603(a) where service has been made under § 1608.  See GSS Group Ltd. v. Nat'l Port Auth., 680 F.3d 805, 811 (D.C. Cir. 2012) (citing Price v. Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 95 (D.C. Cir. 2002)).  However, when a state-owned corporation that is operating as an independent entity meets the definition of "foreign state," there is an exception to this rule.  See GSS Group Ltd., 680 F.3d at 816-17.  Under such circumstances, a district court "may not exercise personal jurisdiction over a foreign corporation unless the corporation has 'minimum contacts' with the relevant forum."  Ibid.

As such, "government instrumentalities established as separate juridical entities distinct and independent from their sovereign should normally be treated as such" for purposes of a due process analysis.  First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 626-27 (1983); TMR Energy Group v. State Property Fund of Ukraine, 411 F.3d 296, 301 (D.C. Cir. 2005).  Accordingly, there is a presumption of independent status between a state-owned entity and the foreign entity that owns it.  TMR Energy Group, 411 F.3d at 301 (citing Foremost-McKesson v. Islamic Republic of Iran, 905 F.2d 438 (1990)); see also GSS Group Ltd., 680 F.3d at 817.[3]  Unless this presumption is overcome, a court cannot exercise personal

---

[3] "[When a foreign, state-owned company] does not possess the characteristics of a sovereign nation . . . it functions more like a private corporation than a foreign government for the purposes of a Fifth Amendment analysis.  It therefore may not be haled into an American court without having a sufficient quantum of minimum contacts."  GSS Group Ltd. v. Nat'l Port Auth., 774 F. Supp. 2d 134, 140-41 (D.D.C. 2011), aff'd, 680 F.3d 805 (D.C. Cir. 2012).

jurisdiction over a foreign corporation, even if state-owned, unless minimum contacts with the forum are established.  <u>GSS Group Ltd.</u>, 680 F.3d at 816-17.

"Romarm is a foreign corporation and firearms manufacturer owned by the Romanian government and located in Bucharest, Romania."  <u>Williams v. Romarm, S.A.</u>, 756 F.3d 777, 778 (D.C. Cir. 2014).  Plaintiffs' Complaint also notes that Romarm, although "100% state owned," operates in the marketplace as a private corporation.  (<u>See</u> Dkt. No. 1-1, Plt. Compl. ¶¶ 3, 4, 7-9.) Based on the facts and allegations, Romarm is entitled to the presumption of independent status and Plaintiffs must plead and establish that there are sufficient minimum contacts with Romarm to establish personal jurisdiction.

Additionally, the issue regarding the applicability of the Due Process Clause to Romarm was already decided by the United States District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit, as both courts explicitly held that the Due Process Clause applies to Romarm.  756 F.3d at 780.  Case law demonstrates that Plaintiffs should not be permitted to re-litigate an issue that has already been decided by both a sister District Court and a Federal Court of Appeals.  The doctrine of the law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988) (internal citations omitted).  The purpose of the doctrine is to promote the judicial system's interest in efficient administration.  <u>Hayman Cash Register Co. v. Sarokin</u>, 669 F.2d 162, 165 (3d Cir. 2982).  "The doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions."  <u>Christianson</u>, 486 U.S. at 816 (noting that one circuit court was bound by a different circuit court's decision under law of the case doctrine).  In this instance, Plaintiffs argue that their current lawsuit relates back to their original

filings in the District of the District of Columbia.  Accordingly, the law of the case doctrine should be applied herein.  Cf. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (holding that "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court").

"Judicial comity" also dictates that a court "not reexamine an issue already decided by a court of equal authority."  Hayman Cash Register, 669 F.2d at 169.  Judicial comity or "comity among courts" operates to assure judicial efficiency and to reflect abiding respect for other courts.  Ulmet v. United States, 888 F.2d 1028, 1031 (4th Cir. 1989); Gray v. Petoseed Co., 985 F. Supp. 625, 632 (D.S.C. 1996); see also Feller v. Brock, 802 F.2d 722, 728 (4th Cir. 1986) ("[T]here is an underlying policy of judicial administration which counsels against the creation of conflicts [between courts]").  Thus, when an identical jurisdictional issue has been decided by a separate District Court, the law of the case doctrine and the principles of comity make clear that such an issue should not be re-examined.  See Hayman Cash Register, 669 F.2d at 166-69 (holding that the law of the case prevented the New Jersey District Court from re-determining a jurisdictional issue previously decided by the District of Columbia District Court, and noting that "the principles of comity among courts of the same level of the federal system provide further reason why . . . an issue already decided by a court of equal authority" should not be reexamined).

Whether couched as "judicial comity" or "law of the case," it is apparent that the decisions from the District of the District of Columbia and the District of Columbia Circuit Courts regarding the applicability of the Due Process clause to Romarm should be followed.  As such, Defendant Romarm is entitled to the presumption of independent status and Plaintiffs are

required to plead and prove that there are sufficient minimum contacts with the forum to satisfy due process requirements for personal jurisdiction.

### 2.      Plaintiffs Failed to Plead Facts Establishing Minimum Contacts.

Giving Plaintiffs' Complaint a liberal reading, it appears that their claims against Romarm concern specific personal jurisdiction, which is jurisdiction that arises out of or in relation to the defendant's contacts with the forum.  See J.McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct 2780, 2788 (2011).[4]  For a court to assert specific personal jurisdiction over a nonresident defendant, including a corporation, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The defendant's conduct and connection with the forum state must be "such that [it] should reasonably anticipate being haled into court there."  World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Although the stream of commerce theory articulated in Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102 (1987), may provide a basis for specific jurisdiction, Justice Breyer's concurrence in Nicastro, supra, provided an example of a situation where personal jurisdiction could not be constitutionally asserted over a foreign manufacturer.  In that case, six justices agreed that personal jurisdiction could not be found based upon:  a distributor's single sale to a customer in the forum state; the manufacturer's desire that the distributor pursue customers throughout the United States; and the manufacturer's business-related contacts with various states other than the forum state.  Nicastro, 131 S. Ct. at 2790.[5]

---

[4] Plaintiffs' Complaint does not contain any allegations of general jurisdiction.

[5] Reliance on Justice Breyer's concurrence is appropriate in this instance.  See Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment on the narrowest grounds.").

A single isolated sale, therefore, from a distributor to a customer in the forum state cannot be sufficient to establish minimum contacts between the manufacturer and the forum. Nicastro, 131 S. Ct at 2792 (Breyer, J., concurring).  Thus, a plaintiff would have to show a "regular flow or regular course of sales" in the forum state, or some additional efforts directed toward the forum state, such as "special state-related design, advertising, advice, [or] marketing." Ibid.  Plaintiff has the burden of pleading facts to establish personal jurisdiction.  Combs, 886 F.2d at 676.  Nicastro makes certain that a manufacturer's broad desire to target the United States through a distributor will not suffice.  See 131 S. Ct. at 2791-92 (Breyer, J., concurring in the judgment); see also id. at 2790. ("These facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market.").

In Plaintiffs' Complaint, they allege that they were injured in District of Columbia when criminals illegally trafficked and illegally utilized a firearm manufactured by Defendant.  (Dkt. No. 1-1, Plt. Compl. ¶¶ 3-4.)   The only alleged connection to Maryland is the allegation that "Defendant Romarm's marketing operation is to sell its weapons to Century **outside** the United States for distribution to dealers inside the United States, including Maryland." (Id. ¶ 4.)  There are no other alleged connections to the State of Maryland.  Indeed, Plaintiffs do not even allege that Romarm's distributor sold the incident firearm into Maryland; only that "the weapon was transported from the State of Maryland" into Washington, D.C.  Just as Plaintiffs did in the prior lawsuits, they attempt to establish personal jurisdiction on the unilateral and criminal activity of others.  As the Court of Appeals for the District of Columbia Circuit recently explained, "this cannot satisfy due process."   Williams, 756 F.3d at 778 (citing World Wide Volkswagen Corp., 444 U.S. at 298); see also Nicastro, 131 S. Ct. at 2792 (Breyer, J., concurring).  The broad desire to target the United States through a distributor, which is the only allegation in Plaintiffs'

Complaint, will not establish personal jurisdiction.  See 131 S. Ct. at 2791-92 (Breyer J., concurring).

Under the facts alleged, and in light of the aforementioned legal precedent, there is no basis for personal jurisdiction over Defendant in this case.  As such, Defendant Romarm must be dismissed pursuant to Rule 12(b)(2).

## II.    PLAINTIFFS' CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) AS BARRED BY THE STATUTE OF LIMITATIONS.[6]

### A.    Standard.

Rule 12(b)(6) allows dismissal of a complaint if the plaintiff fails "to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not necessary to withstand a motion to dismiss, in order to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007).  In other words, although there is no "probability requirement" at the pleading stage, "something beyond . . . mere possibility . . . must be alleged."  Id. at 553-54.  The facts alleged in a complaint must be enough to raise a right to relief above the speculative level or must be sufficient "to state a claim for relief that is plausible on its face."  Id. at 555.  On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained it the complaint."  Erickson v. Pardus, 551

---

[6] Defendant is including this substantive argument regarding Plaintiffs' claims as an alternative argument because their claims are so clearly precluded by the statute of limitations.  However, it should also be noted that there are additional substantive arguments that require dismissal of Plaintiffs' claims.  Should the Court not dismiss the claims based on the arguments outlined herein, Defendant respectfully reserves the right to file a motion to dismiss for failure to state a claim upon which relief may be granted as to Plaintiffs' individual causes of action.

U.S. 89, 94 (2007).  While the complaint is to be construed liberally in the plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint and should not accept the plaintiff's legal conclusions.  <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567, 577 (4th Cir. 2001); <u>Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP</u>, 213 F.3d 175, 180 (4th Cir. 2000); <u>Labram v. Havel</u>, 43 F.3d 918, 921 (4th Cir. 1995).

**B.**    **<u>Analysis.</u>**

In filing this Complaint, Plaintiffs purport to rely upon Maryland Rule 2-101, which states, in pertinent part, that:

> Except as otherwise provided by statute, **if an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law** and that court enters an order of dismissal (1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) because the action is barred by the statute of limitations required to be applied by that court, an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.

Md. R. 2-101(b) (emphasis added).  The prior lawsuit that had been pending in the District Court for the District of Columbia involved Plaintiffs Howe and Williams, but Attaway and Blakeley were not plaintiffs in the prior litigation.  As such, they cannot rely upon Maryland Rule 2-101 to toll the statute of limitations.

According to the Complaint, Plaintiffs Attaway and Blakeley were allegedly injured in Washington, D.C. "on or about March 30, 2010." (Dkt. No. 1-1, Plt. Compl. ¶ 6.)  Under either Maryland law or the laws of the District of Columbia, the statute of limitations to bring a lawsuit for personal injuries is three (3) years.  <u>See</u> Md. Cts. & Jud. Proc. Code § 5-101; D.C. Code § 12-301(8).  Accordingly, in order to satisfy the statute of limitations, Plaintiffs Attaway and Blakeley were required to commence their lawsuit by March 30, 2013.  This lawsuit was not commenced until September 2, 2014.  Thus, Plaintiffs Attaway and Blakeley missed the statute

of limitations by almost eighteen months.  Accordingly, all claims brought by Plaintiffs Attaway and Blakeley must be dismissed as a matter of law.

Plaintiffs Howe and Williams have also failed to commence their action within the statute of limitations.  According to the Complaint, Plaintiffs' son's death occurred on March 22, 2010. (Dkt. 1-1, Plt. Compl. ¶ 5.)  Thus, under Maryland law, Howe and Williams would have had to commenced their lawsuit by March 22, 2013.  While their prior lawsuit was commenced by that date, it was dismissed for lack of personal jurisdiction by the United States District Court for the District of Columbia on February 5, 2013.  In order to rely on Maryland Rule 2-101(b) to toll the statute of limitations, Plaintiffs Howe and Williams were required to commence their lawsuit in Maryland State Court within 30 days.  However, since the three year statute of limitations in Maryland had not yet expired when the District Court dismissed the prior lawsuit, Plaintiffs Howe and Williams actually had until March 22, 2013 to file a timely Complaint in Maryland State Court.  However, Plaintiffs did not file their lawsuit until September 2, 2014, which was well beyond the expiration of the applicable statute of limitations.  Accordingly, Maryland Rule 2-101(b) cannot be utilized to save Plaintiffs' lawsuit.

As the undisputed facts and allegations make certain, Plaintiffs' lawsuit must be dismissed in its entirety pursuant to Rule 12(b)(6) because the parties failed to timely commence this case within the applicable statute of limitations.

## III.   PLAINTIFFS' LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(3).

### A.   Standard.

When an objection has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action.  See Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 817 (4th Cir. 1979).

"Generally, venue must be established for each separate claim in a complaint." Carolina Archery Prods. v. Alpine Archery, Inc., No. 1:03-CV-00176, 2004 U.S. Dist. LEXIS 11069, at *13 (M.D.N.C. June 15, 2004) (citing Hsin Ten Enter. USA v. Clark Enters., 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000)).  When assessing a Rule 12(b)(3) motion, the Court is permitted to look at matters outside the pleadings.  See Costar Realty Info., Inc. v. Field, 612 F. Supp. 2d 660, 672 (D. Md. 2009).  Additionally, Courts will consider "the entire sequence of events underlying the claim" to determine where venue is appropriate.   Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004).

   **B.   Analysis.**

   Plaintiff claims that venue is appropriate because (1)  "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland and (2) "the lead Plaintiff, the father and legal representative of J.H., Norman Williams resides in the State of Maryland."  (Dkt. No. 1-1, Plt. Compl., ¶¶ 11-14.)  Plaintiffs contend that venue is appropriate as to the other plaintiffs who reside in Washington, D.C. because they "may be juridically supported through the Court's Supplementary Jurisdiction."  (Id. ¶ 14.)  Preliminarily, venue is clearly inappropriate for the plaintiffs who reside in the District of Columbia (Howe, Attaway, and Blakeley).  Furthermore, as noted above, when the prior lawsuit was pending in Washington, D.C., Plaintiff Williams averred that he was a citizen of the District of Columbia with an address at 3935 9th Street, N.E., Washington, D.C.  At the very least, Plaintiff Williams's prior allegations raise an issue as to whether he can appropriately be considered a resident of Maryland.

   Moreover, despite Plaintiff's conclusory statement that "a substantial part of the events or omissions giving rise to the claim" occurred in Maryland, the factual allegations in the Complaint belie this legal conclusion.  Specifically, the injuries suffered by Plaintiffs occurred

when criminals illegally trafficked the subject firearm into the District of Columbia and criminally discharged the weapon there.   Thus, the location where the events giving rise to the claims occurred is Washington, D.C.   Furthermore, Plaintiff alleges that Defendant sold the subject firearm in Romania to a company called Century, which is located in Vermont.   As such, the relevant sequence of events begins and ends in states other than Maryland.   The fact that some unknown third-party transported or brought the subject firearm into the State of Maryland at some unidentified time prior to the criminal incident at issue in Washington, D.C. cannot support a basis for venue.[7]

## IV.   PLAINTIFF' LAWSUIT MUST BE DISMISSED PURSUANT TO RULE 12(B)(5).

### A.   Standard.

A motion to dismiss may be based on the insufficiency of service of process.  Fed. R. Civ. P. 12(b)(5).  On a motion to dismiss pursuant to Rule 12(b)(5), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant.  See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).  The plaintiff must allege specific facts concerning the defendant with the forum.  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 30, 396 (4th Cir. 2003).  Although a plaintiff's complaint should be afforded a liberal reading, the court should not, however, treat all of the plaintiff's allegations as true.  Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).   The plaintiff is responsible for having the summons and complaint served upon the defendant.  Fed. R. Civ. P. 4(c).

---

[7] Indeed, it appears that by filing in Maryland Plaintiffs are attempting to forum shop.  If Defendant's motion to dismiss for lack of personal jurisdiction had not been granted in the prior lawsuit, Plaintiffs Williams and Howe's lawsuit would have been dismissed pursuant to the applicable statute of limitations in Washington, D.C.  Section 16-2702 of the District of Columbia Official Code stated that a wrongful death action "shall be brought by and in the name of the personal representative of the deceased person and within **one year** after the death of the person injured."  D.C. Code § 16-2702 (emphasis added).  J.H.'s death allegedly occurred on March 22, 2010 (Dkt. No. 1-1, ¶ 5) but Plaintiffs failed to commence their lawsuit until March 20, 2012, which is well beyond the expiration of the statute of limitations.  As such, Plaintiffs have re-filed in Maryland in the hopes of utilizing Maryland's longer statute of limitations.  In fact, Plaintiffs are attempting to utilize Maryland's longer statute of limitations while also seeking to apply the substantive laws of the District of Columbia to their case.

**B.**     **Analysis.**

In this case, Plaintiffs filed their Complaint in Maryland State Court and attempted to serve Defendant, a foreign corporation, by sending a copy of the Complaint via regular mail to Defendant's counsel.   Clearly, such service is improper and defective.   Since Plaintiffs have never appropriately served Defendant, dismissal under Ruler 12(b)(5) is warranted.

<div align="center">

**CONCLUSION**

</div>

Based on the foregoing, it is respectfully requested that Plaintiffs' lawsuit be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).   Alternatively, Plaintiffs' lawsuit should be dismissed for failure to state a claim upon which relief may be granted, for improper venue, and/or for insufficient service of process.   As such, Defendant respectfully requests that this Court enter an Order dismissing Plaintiffs' lawsuit and providing whatever other and further relief deemed necessary and just.

Dated: Washington, DC
       October 10, 2014

                                         Respectfully submitted,

By:   s/ John Parker Sweeney
       John Parker Sweeney, Esq.(Bar No. 08761)
       T. Sky Woodward, Esq. (Bar No. 10823)
       BRADLEY ARANT BOULT CUMMINGS LLP
       1615 L Street, N.W., Suite 1350
       Washington, DC 20036
       (202) 719-8216
       (202) 719-8316 (facsimile)
       jsweeney@babc.com
       swoodward@babc.com

       ATTORNEYS FOR DEFENDANT
       ROMARM S.A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following persons

by United States First Class Mail, postage prepaid, this 10th day of October 2014.

> Daniel Wemhoff, Esq. # 420233
> 4600 S. Four Mile Run Dr. #831
> Arlington, Virginia 22204
> (703) 589-2199

<div style="margin-left: 40%">

Respectfully submitted,

By:  s/ John Parker Sweeney
John Parker Sweeney, Esq.(Bar No. 08761)
T. Sky Woodward, Esq. (Bar No. 10823)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 719-8216
(202) 719-8316 (facsimile)
jsweeney@babc.com
swoodward@babc.com

ATTORNEYS FOR DEFENDANT
ROMARM S.A.

</div>