IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORMAN WILLIAMS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROMARM S.A., )<br>)<br>Defendant. )<br>) | Case No.:  8:14-cv-03124-TDC |

**REPLY TO RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant Romarm S.A. ("Romarm"), by and through its undersigned attorneys, and files this reply in further support of its this motion to dismiss Plaintiffs' Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**ARGUMENT**

As will be shown, Plaintiffs' arguments and concessions in opposition actually demonstrate that dismissal is warranted because: (1) Plaintiffs' lawsuit was not timely commenced; (2) Romarm is a foreign corporation entitled to due process considerations; (3) Plaintiffs failed to plead facts establishing that there are sufficient minimum contacts between Romarm and the forum; (4) Plaintiffs implicitly acknowledge that service was insufficient; and (5) Plaintiffs failed to meet their burden of establishing that venue is appropriate.

**I.    PLAINTIFFS' LAWSUIT WAS NOT TIMELY COMMENCED.**

In opposing Romarm's argument that their lawsuit was not timely commenced, Plaintiffs argue that (1) Kevin Attaway's and Jamel Blakeley's claims were preserved by the attempted filing of an Amended Complaint in the prior action in the District Court for the District of Columbia and (2) Norman Williams and Diane Howe's prior lawsuit was timely commenced

1

under the District of Columbia's statute of limitations.  (See Dkt. No. 17, Plt. Opp. at p. 5-6, 15-16.)  However, the first contention is meritless and the second one is irrelevant.

Preliminarily, in their Complaint, Plaintiffs claim that their lawsuit is timely filed pursuant to Maryland Rule 2-101, which states that "if an action is filed in a United Sates District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal for lack of jurisdiction . . . an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State."  Md. R. 2-101(b).  Under Maryland law, the statute of limitations for wrongful death and personal injury is three years.  Md. Cts. & Jud. Proc. Code § 5-101.  In order to rely on Rule 2-101, therefore, Plaintiffs must establish that (1) their prior lawsuit was commenced within three years of March 22, 2010, which is the date of the incident at issue, and (2) the current lawsuit was commenced within 30 days of the order from the United States District Court dismissing the lawsuit.  Ibid.  Plaintiffs simply cannot satisfy these elements.

First, Plaintiffs Attaway and Blakeley never commenced a lawsuit.  As the record from the prior lawsuit in the District Court for the District of Columbia reflects, on or about October 3, 2012, a Motion for Leave of Court to Amend Pleadings and Join Similarly Situated Parties was filed by Plaintiffs' counsel.  (See Dkt. No. 17-1 at Ex. B.)  However, on the date the motion was filed, District Judge Emmet G. Sullivan entered an order permanently striking the motion for leave to amend because "Plaintiffs' motion only attaches a document that purports to list what would be added to the current complaint, rather than attaching the amended complaint as a whole."  (See Dkt. No. 9-7, 1:12-cv-00436-EGS Dkt. Sheet at p. 5.)  Since the motion for leave was stricken and no subsequent filing was submitted, Plaintiffs never filed an Amended Complaint.  See Angles v. Dollar Tree Stores, Inc., 494 Fed. Appx. 326, 329 (4th Cir. 2012)

(noting that if leave to file an amended complaint is not obtained, the amended complaint has no legal effect and such a filing cannot toll the statute of limitations); Cooley v. Marshal, No. 2:09-cv-00559-RLH-GWF, 2011 U.S. Dist. LEXIS 83054, at *5 (D. Nev. July 28, 2011) (explaining that since the motion to amend the complaint was stricken, it was not part of the record). Plaintiffs' attempt to rely on Rule 15(c) is also unavailing as "a complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations." Angles, 494 Fed. Appx. at 329 n. 8; Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint but to the filing of an amendment."). As such, Attaway and Blakeley never actually commenced a lawsuit against Romarm until the filing of this lawsuit on September 2, 2014, which is long after the three year statute of limitations expired.

Second, even if Attaway and Blakeley's claims were actually included in the prior lawsuit in the District Court for the District of Columbia, all of the plaintiffs' newly-filed claims would still be dismissed as untimely. As noted, Plaintiffs contend that this lawsuit is timely commenced based on Maryland Rule 2-101, which permits the re-filing of a lawsuit within 30 days after entry of the order of dismissal for lack of personal jurisdiction from a United States District Court. Md. R. 2-101. Thus, Plaintiffs must demonstrate that this matter was commenced within 30 days of the Order dismissing the case from the District Court for the District of Columbia. Plaintiffs' argument that their prior lawsuit was timely commenced under the District of Columbia's statute of limitations is irrelevant. Here, the prior lawsuit was dismissed for lack of personal jurisdiction by the United States District Court for the District of Columbia on February 5, 2013, but this lawsuit was not commenced until September 2, 2014.

Therefore, Plaintiffs cannot rely upon Maryland Rule 2-101(b) to save their lawsuit and dismissal is required.[1]

## II.  ROMARM IS AN INDEPENDENT ENTITY SEPARATE FROM ROMANIA AND IS ENTITLED TO DUE PROCESS PROTECTION.

Plaintiffs also argue that Romarm should not be entitled to due process protection when assessing jurisdiction because (1) the dismissal of the prior lawsuit does not preclude a finding of personal jurisdiction in this Court and (2) the "plaintiff is not estopped by law of the case where an argument was never considered." (See Dkt. No. 17, Plt. Opp. at p. 3-5, 13-15.)  As will be briefly explained, neither argument is meritorious, and Plaintiffs are bound by the allegations in their Complaint.

### A. The Law of the Case Doctrine and Principles of Judicial Comity Establish That Romarm is an Independent Entity for Purposes of Due Process Analysis.

The law of the case doctrine explains that when a court decides a rule of law, that decision should continue to govern the same issues at subsequent stages of the same case. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).  Judicial comity, or "comity among courts," also posits that a court should not reexamine an issue already decided by a court of equal authority.  Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982); see also Ulmet v. United States, 888 F.2d 1028, 1031 (4th Cir. 1989); Feller v. Brock, 802 F.2d 722, 728 (4th Cir. 1986).  The principles underlying both doctrines include promoting efficient administration.  Sarokin, 669 F.2d at 165, 169.  Thus, when an identical jurisdictional issue has been decided by a separate District Court, the law of the case doctrine and the principles of judicial comity establish that the issue should not be reexamined.  Id. at 166-69.

---

[1] It should also be pointed out that the three year statute of limitations under Maryland law expired on March 22, 2013.  Thus, after dismissal from the District Court for the District of Columbia, Plaintiffs did not have to rely on Maryland Rule 2-101 to commence a lawsuit because the statute of limitations under Maryland law had not yet expired.  Since Plaintiffs' lawsuit was not commenced until September 2, 2014, this lawsuit is untimely whether or not Rule 2-101 applies.

In opposition, Plaintiffs somewhat misapprehend this argument because Romarm has not argued that the dismissal of the prior lawsuit due to lack of personal jurisdiction would *ipso facto* prevent a finding of personal jurisdiction in this case. Rather, Romarm contends that jurisdictional issues already addressed and decided by both a sister District Court and a Federal Court of Appeals should not be reassessed in this case; namely, the finding that Romarm is an independent entity for purposes of due process protections and the requirement that "minimum contacts" must be established to exercise jurisdiction.

In opposition, Plaintiffs do not refute the case law cited by Romarm regarding the law of the case doctrine or the principle of judicial comity. Instead, Plaintiffs incorrectly contend that the issue regarding whether Romarm should be considered an independent entity had not been decided in the prior lawsuit because Plaintiffs had not "steadfastly pursued" their arguments on this issue. (Dkt. No. 17 at p. 3.) As made clear by District Judge Sullivan's Order, this issue was briefed, considered, and ruled upon by the District Court:

> In this case, unlike in GSS Group Ltd., plaintiffs have not wholly failed to contest defendant's assertion of independent status, but their arguments are not very strong. Plaintiffs argue that a foreign corporation that is state-owned under the FSIA is automatically subject to personal jurisdiction in this Court. That is simply not the law in this Circuit. In GSS Group Ltd., the defendant entity was state-owned and was subject to statutory personal jurisdiction under the FSIA. Nonetheless, because the entity was a foreign corporation, it benefitted from a presumption of independent status. The plaintiff failed to rebut that presumption, and the Circuit affirmed the district court's ruling that minimum contacts with the forum were thus required. Accordingly, plaintiffs cannot simply argue as they have that Romarm has waived the ability to contest personal jurisdiction.

> Moreover, the Court finds that Romarm is entitled to the presumption of independent status because Romarm has consistently represented that it is a separate entity from the State of Romania, even though it may be state-owned. Under GSS Group Ltd. and TMR Energy, Romarm's representations create a presumption of independent status. Plaintiffs' responses, however, do not seriously call into question or rebut the presumption that Romarm is a separate juridical entity from the State of Romania. For example, plaintiffs appear to assert that the burden is on Romarm when they argue that "[w]hether or not

> Romarm is controlled by the country of Romania is an issue left for defendants to explain to the court." Plaintiffs also allege that Romarm's state ownership "suggests" that Romarm "may" be acting as an agent or partner of the Romanian government. These statements do not raise any significant questions regarding whether Romarm is a distinct legal entity and the Court finds that plaintiffs have failed to rebut the presumption of independent status between Romarm and Romania. **Accordingly, the Court finds that "minimum contacts" must be established between Romarm and this forum in order to justify the Court's exercise of personal jurisdiction over Romarm.**

(Dkt. No. 9-8, D.D.C. Order 2/4/13 at p. 7-12 (emphasis added) (internal citations omitted).) On Appeal, the Court of Appeals for the District of Columbia affirmed this ruling: "The district court found that Romarm consistently represented itself as a separate entity from the Romanian State, despite its state ownership, and it rejected Appellants' arguments to the contrary. Thereafter, the district court proceeded to the due process minimum contacts analysis, and ultimately concluded the alleged contacts were insufficient to justify jurisdiction." Williams v. Romarm, S.A., 756 F.3d 777, 782 (D.C. Cir. 2014). The Court of Appeals also noted that it would not consider an argument that was raised by Plaintiffs for the first time at oral argument, that was not contained in the briefs, and that was inconsistent with Plaintiffs' other arguments in their brief. Id. at 782-83.

As made clear, and contrary to Plaintiffs' assertions in opposition, the District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit both considered the issue of whether minimum contacts must be established to justify the exercise of personal jurisdiction over Romarm, and Plaintiffs' arguments on this issue were rejected. The fact that Plaintiffs contend that they did not "steadfastly pursue" these arguments is certainly not equivalent to the issue not being addressed and decided. Plaintiffs want a second bite at the apple, but considerations of public policy, judicial economy, and judicial comity should foreclose such an opportunity. Therefore, since it has been decided that Romarm is afforded the

6

presumption of independent status, minimum contacts must be established between Romarm and this forum in order to justify the exercise of personal jurisdiction over Romarm.

### B. Even if the Issue Had Not Been Addressed Previously, Plaintiffs are Bound by the Allegations in Their Complaint.

Even if the "minimum contacts" issue had not already been decided, Plaintiffs' arguments still lack merit based on the allegations in their new Complaint. It is well-settled that when a foreign, state-owned company "does not possess the characteristics of a sovereign nation . . . it functions more like a private corporation than a foreign government for the purposes of a Fifth Amendment analysis. It therefore may not be haled into an American court without having a sufficient quantum of minimum contacts." GSS Group Ltd. v. Nat'l Port Auth., 774 F. Supp. 2d 134, 140-41 (D.D.C. 2011), aff'd, 680 F.3d 805 (D.C. Cir. 2012). Case law demonstrates that there is a presumption of independent status between a state-owned entity and the foreign entity that owns it. TMR Energy Group v. State Property Fund of Ukraine, 411 F.3d 296, 301 (D.C. Cir. 2005). Here, the allegations in Plaintiffs' new Complaint not only fail to overcome this presumption but actually establish Defendant's independent status as a private corporation operation in the marketplace. (See Dkt. No. 1-1, Plt. Compl. ¶¶ 3 (alleging that Romarm has an agreement with distributor), 4 (claiming that Romarm's "marketing operation" is to sell its products outside the United States for distribution to dealers inside the United States), 8-9 (claiming that Romarm conducts sales to distributors abroad).) Thus, even ignoring the decisions from the prior courts, based on Plaintiffs' own allegations in this lawsuit, Romarm is entitled to the presumption of independent status, and Plaintiffs were required to plead sufficient facts establishing minimum contacts between Romarm and this forum.

III.  **PLAINTIFFS FAILED TO PLEAD FACTS TO ESTABLISH MINIMUM CONTACTS BETWEEN ROMARM AND THE FORUM.**

In opposition, Plaintiffs attempt to confuse what is really a straightforward issue: have Plaintiffs alleged specific facts to establish minimum contacts with the forum? Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 30, 396 (4th Cir. 2003). The answer to this question is a resounding "no." The incident giving rise to Plaintiffs' lawsuit occurred wholly in the District of Columbia and occurred after criminals illegally trafficked and utilized a firearm manufactured by Romarm in Romania. (Dkt. No. 1-1, Plt. Compl., ¶¶ 3-4.) The only alleged connections to the State of Maryland are: (1) that Romarm sells its products "outside the United States for distribution to dealers inside the United States" and (2) "the weapon was transported from the State of Maryland" into Washington, D.C. (Id. ¶¶ 4, 5.) In opposition, Plaintiffs also speculate that the "negligence of one or more" firearm dealers allowed for the rifle to be stolen and eventually transported into the District of Columbia. Thus, as alleged by Plaintiffs, this case involves numerous criminal acts by various unidentified persons or entities. It is well-settled, however, that the unilateral (and criminal) activity of others cannot satisfy due process. Williams, 756 F.3d at 778 ("Appellants rely solely on the 'mere unilateral' (and criminal) activity of others – activity that takes place after the standard chain of distribution is complete; this cannot satisfy due process."); see also McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct 2780, 2792 (2011) (Breyer, J., concurring) (noting that a consumer's unilateral act of bringing a product into a forum State where the accident occurred is not a sufficient constitutional basis for personal jurisdiction). Furthermore, the fact that Plaintiffs claim that Romarm sold its products outside the United States is simply not enough to establish minimum contacts with the forum because a broad desire to target the United States through a distributor does not establish personal jurisdiction. See Nicastro, 131 S. Ct. at 2791-92 (Breyer J., concurring). Plaintiffs'

convoluted arguments in opposition simply do not alter the conclusion that their Complaint contains insufficient facts to establish minimum contacts between Romarm and the forum.

**IV.   NEITHER SERVING A PRIOR LAWSUIT ON ROMARM NOR MAILING THE COMPLAINT TO ROMARM'S ATTORNEYS IN NEW JERSEY ESTABLISHES PROPER SERVICE.**

In opposition, Plaintiffs argue that service of the Complaint was proper because (1) Romarm failed to contest the service of the prior lawsuit filed in the District of Columbia and (2) Plaintiffs mailed a copy of the new Complaint to Romarm's counsel in New Jersey. The Rules of Civil Procedure make certain that a plaintiff is responsible for having the summons and complaint served upon the defendant. See Fed. R. Civ. P. 4(c). Here, Plaintiffs have failed to meet this burden. Tellingly, in opposition Plaintiffs failed to come forth with any case law, rule, or other authority to support either of their contentions that service was proper. Case law demonstrates that mailing a copy of a complaint to the defendant's counsel is not sufficient service. See, e.g., Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir.) ("[S]ervice of process is not effectual on an attorney solely by reason of his capacity as an attorney."), cert. denied, 403 U.S. 904 (1971). Moreover, whether or not Plaintiffs properly served a prior complaint in the cases previously pending in the District Court for the District of Columbia is not relevant when assessing whether Romarm has been appropriately served with the Complaint in this case. Cf. Deakins v. Pack, No. 1:10-1396, 2012 U.S. Dist. LEXIS 141270, at *5 (S.D.W.V. Sept. 6, 2012) (rejecting the argument that the "defendant's acceptance of service of Plaintiffs' Second Amended Complaint establishes precedent of proper service by certified mail" of a third amended complaint), adopted by, 2012 U.S. Dist. LEXIS 141271 (S.D.W.V. Sept. 28, 2012). Romarm has neither waived service nor has it authorized its attorneys to accept service. Given the arguments raised in opposition, it is apparent that Plaintiffs have not even attempted to

9

properly serve Romarm with this new Complaint. Therefore, dismissal pursuant to Rule 12(b)(5) is also warranted.

## V. PLAINTIFFS' ARGUMENTS REGARDING VENUE ESTABLISH THAT PLAINTIFFS ARE IMPERMISSIBLY FORUM SHOPPING.

In response to Romarm's argument that venue is improper, Plaintiffs argue that venue is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in Maryland and due to the "catch-all" provision of 28 U.S.C. § 1391(b)(3). (Dkt. No. 17, Plt. Opp. at p. 5.) To support these blanket conclusions, Plaintiffs point to the alleged negligence of unidentified firearms dealers and the illegal activities of unknown third-parties (stealing the rifle and criminally transporting it to the District of Columbia). (Ibid.) Again, Plaintiff fails to cite to any legal authority to support the contention that venue is appropriate based on the unilateral acts of unknown third parties. Looking to the allegations in Plaintiffs' Complaint, the injuries suffered by Plaintiffs occurred when criminals illegally trafficked the subject firearm into the District of Columbia and criminally discharged the weapon in the District. Further, Plaintiffs allege that Romarm sold the subject rifle in Romania. Clearly, the relevant sequence of events begins and ends in states other than Maryland, and the mere happenstance that the rifle was allegedly transported through Maryland at some unspecified time prior to the incident at issue cannot support a basis for venue.

Moreover, Plaintiffs' attempted forum shopping is clearly evidenced by their concession in opposition that "lead plaintiff" Norman Williams maintained a "temporary residence" in the District of Columbia in order to bring a lawsuit in that forum but, for purposes of this new lawsuit, Mr. Williams is domiciled in the State of Maryland. Tellingly, none of the other plaintiffs are residents of Maryland. This scenario smacks of forum shopping where Plaintiffs are attempting to take advantage of Maryland's longer statute of limitations and savings statute.

Such procedural fencing underscores the fact that Maryland is an inappropriate venue and the conclusion that Plaintiffs' lawsuit must be dismissed.

## **CONCLUSION**

Based on the foregoing and upon the arguments and legal authorities outlined in Romarm's moving papers, it is respectfully requested that Plaintiffs' lawsuit be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2). Alternatively, Plaintiffs' lawsuit should be dismissed for failure to state a claim upon which relief may be granted, for improper venue, and/or for insufficient service of process. As such, Romarm respectfully requests that this Court enter an Order dismissing Plaintiffs' lawsuit and providing whatever other and further relief deemed necessary and just.

Dated: Florham Park, New Jersey
November 12, 2014

Respectfully submitted,

By: s/Anthony M. Pisciotti
Anthony M. Pisciotti, Esq. (pro hac vice)
Jeffrey M. Malsch, Esq. (pro hac vice)
PISCIOTTI, MALSCH & BUCKLEY, P.C.
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
(973) 245-8101 (facsimile)
apisciotti@pmblegalfirm.com
jmalsch@pmblegalfirm.com

and

John Parker Sweeney, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 719-8256
(202) 719-8356 (facsimile)
jsweeney@babc.com

ATTORNEYS FOR DEFENDANT
ROMARM S.A.

**CERTIFICATE OF SERVICE**

This is to certify that, on November 12, 2014, a true and accurate copy of the foregoing was filed with the Court's CM/ECF electronic filing system, which automatically sent notification of such filing to all attorneys of record registered to receive same:

Daniel Wemhoff, Esq. # 420233
4600 S. Four Mile Run Dr. #831
Arlington, Virginia 22204
(703) 589-2199

                                              Respectfully submitted,

By:  s/Anthony M. Pisciotti
       Anthony M. Pisciotti, Esq. (pro hac vice)
       Jeffrey M. Malsch, Esq. (pro hac vice)
       PISCIOTTI, MALSCH & BUCKLEY, P.C.
       30 Columbia Turnpike, Suite 205
       Florham Park, New Jersey 07932
       (973) 245-8100
       (973) 245-8101 (facsimile)
       apisciotti@pmblegalfirm.com
       jmalsch@pmblegalfirm.com

and

John Parker Sweeney, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 719-8256
(202) 719-8356 (facsimile)
jsweeney@babc.com

ATTORNEYS FOR DEFENDANT
ROMARM S.A.