UNITED STATES DISTRICT COURT FOR
SOUTHERN MARYLAND

NORMAN WILLIAMS, et al.,

      Plaintiffs,

v.

                                      Case No: 8:14-CV-03124-TDC

ROMARM S.A.,

      Defendant.

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY UNDER THE RULES DUE TO SUBSTANTIAL ERRATA

Plaintiffs, Norman Williams, et al., have discovered serious errors in Defendant, Romarm's Reply to Plaintiffs' Opposition to its Motion to Dismiss, that is vital to the Court's consideration of the Defendant's Motion to Dismiss and Plaintiffs' Opposition. Plaintiffs invoke Local Rule 105 2.a. for permission of this Court to allow Plaintiffs' Surreply.

CORRECTED POINTS OF LAW DUE TO DEFENDANT'S ERRATA:

I

Romarm's Reply, in Sec. I asserts: **"Plaintiffs' Lawsuit Was Not Timely Commenced."**

Romarm asserts: in I, (2): "Plaintiffs must establish that the current lawsuit was commenced within 30 days of the Order from the District Court for the District of Columbia dismissing the lawsuit. Ibid. Plaintiffs simply cannot satisfy these elements." Reply, at 2. Romarm is contending that the Plaintiffs have refiled their case too late to take advantage of Maryland's Rule 2-101(b) (Savings Statute).

1

**Errata: <u>Rormarm's Assertion Regarding Re-filing Incorrectly States the Filing Period Allowed By RULE 2-101(b)</u>**

Footnote to Rule 2-101(b) states, with utmost clarity, that any limitation is suspended until "appellate proceedings are concluded". Below is the Footnote to Rule 2-101(b) which Romarm ignores:

> **Rule harmonious with 28 U.S.C.S. Sec. 1367(d).** --- 28 U.S.C.S. Sec. 1367(d) ... Further, the suspension [of the running of limitations] remains in effect until 30 days after all federal proceedings, including *appellate proceedings,* are concluded. Subsection (b) of this Rule can be read in harmony with Sec. 1367(d). **Turner v. Kight**, 406 Md. 167, 957A.2d 984, 2008 Md. LEXIS 518 (2008), cert. denied, 129S.Ct. 1985, 2009 U.S. LEXIS 3037, 173 L. Ed. 2d 1084 (U.S. 2009) (emphasis added)

Consequently, when Plaintiffs, Norman Williams and Diane Howe, refiled their case in the Circuit Court of Prince George's County, on September 2, 2014, the date the Mandate of the USCA was issued, which affirmed the dismissal of the United States District Court for the District of Columbia, it was timely filed, as the "appellate proceedings" had just concluded in the D.C. Circuit. DKT.34. Later, this case was removed here by means of the Foreign Sovereign Immunity Act (FSIA).

**II**

**Errata: <u>Romarm's Assertions that Plaintiffs' Amended Complaint - To Include 2 Amended Parties - was Not Sustainable in the Former Court Has No Basis Under Rule 15(a).</u>**

Also, under Sec. I, Romarm asserts that the former district court has precluded the Amended Complaint to include parties, Kevin Attaway and Jamael Blakely, due to "an order permanently striking the motion for leave to amend because" of a ["technicality"]. Reply, at 2. Yet, there could exist no "technicality" that could have caused Plaintiffs' Motion to be stricken.

What Romarm fails to acknowledge, is, that under Rule 15(a) of the Federal

Rules of Procedure, there is an "absolute" right to Amend a pleading, once, *before* the Defendant files a "Responsive Pleading". Romarm's assertions simply compound an error made by the former court when it did not recognize that fact.

At the time the Plaintiffs' filed an unnecessary "Motion for Leave of Court to Amend [the] Pleadings" on 10/03/2012 [DKT,17-1], in the former District Court, they already had an "absolute" right to amend to amend their Complaint. Romarm, up to that point [on 05/14/2012], had filed merely an "amended MOTION to Dismiss [Plaintiffs' case]…" [Dkt. 6]. It had yet to file a "pleading" in the former case. Therefore, no leave of court was necessary for Plaintiffs to amend as a matter of right, to include parties, Kevin Attaway and Jamel Blakeley.

Federal Rule (15(a) is clear on the right to amend *once* before a Responsive Pleading is filed. Rule 15(a),

> guarantee[s] a plaintiff an *absolute right* to amend [their] complaint once at any time before the defendant has filed a responsive pleading. (cit.om.) And the District of Columbia Circuit has 'repeatedly clarified' that motions to dismiss, even which seek summary judgment in the alternative, are not *responsive pleadings* for the purposes of Rule 15. **Doe v. U.S. Dept. of Labor**, 451 F.Supp.2d 156,171 (D.D.C. 2006) (emphasis added). *see also Bowden v. United States*, 176 F.3d 552,555 (D.C.Cir.2000) (noting that "[a]t the time [the plaintiff] sought to amend, the [defendant] had filed only a motion to dismiss … which is not considered a responsive pleading) (citation omitted)."

### III

Third, Romarm, in its Reply, at Sec. II, A, asserts:

"A. <u>The Law of the Case Doctrine and Principles of Judicial Comity Establish That Romarm is an Independent Entity for Purposes of Due Process Analysis.</u>"

**Errata: <u>Romarm's Assertion Cannot be Supported By a Law of the Case Doctrine, Or To a Lesser Degree, Comity, When the D.C.Circuit Declined to Rule on the Very</u>**

**<u>Question Romarm Contends is the "Law of the Case".</u>**

Romarm's asserts that there is "Law of the Case Doctrine" which governs this case, carried over from the former case, which would deny the Plaintiffs here the opportunity to prove, at least, minimally, limited jurisdictional discovery (or to show on a *prima facie* jurisdiction) that Romarm, appears to have a "principal—agent relationship with the sovereign state of Romania and therefore considered to be part of the foreign state, rather than a "private person" entitled to constitutional due process protection". Reply, at 4-7

Once the appeals court in the District of Columbia <u>declined</u> to rule on whether Romarm was an agent of the sovereign state of Romania, it does <u>not</u> then follow that there was Law of the Case, or Comity, to rule out such evidence being presented here on the question of whether Romarm is a part of the "sovereign state" and, if found as such, would be denied constitutional due process in the United States Courts.

The D.C. Circuit was quite adamant on what it *refused* to hear, and, or decide, on appeal, in regard to the question of Romarm's "sovereign status" under the FSIA, which, if found to be such, would automatically provide Subject Matter and Personal Jurisdiction through the FSIA. This is what the D.C. Circuit had to say on the question:

> At oral argument, Appellants primarily challenged the district court's conclusion that Romarm is jurdically independent from Romania and thus entitled to due process. Specifically, Appellants pointed to a claimed "concession" by Romarm that it is both owned *and operated* by Romania. This concession, they say, establishes Romarm as a state entity that it is not entitled to due process. (emphasis in text)

> However weighty this argument may be, we <u>decline to consider it</u> because Appellants failed to raise it in their briefs. Nowhere in their filings do Appellants cite to the document containing the alleged "concession" by Romarm on which they so heavily relied at oral argument. … (emphasis added)

> Questions not presented and argued by the parties in a sequence

>affording appropriate consideration are <u>forfeited</u>, and we accordingly decline to rule on the issue since it was not properly raised. **Williams, et al., v. Romarm SA, et al.,** 656 F.3d 777, 782. (D.C.Cir.2014) (emphasis added)

The refusal by the D.C. Circuit to consider arguments whether Romarm was an agent or instrumentality under the control of the Romanian sovereign, is the so-called Law of the Case Doctrine, or Comity, that it now relies on here: that a question left unresolved in the former court can magically re-appear as a Law of the Case. The best expression of a court declining to rule on a question and which would therefore deny it Law of the Case status, is found in the language of **Flores v. Cooper Tire and Rubber Co.**, 178 P.3d 1176, 1181 (Ariz.App.Div.1 2008):

>The doctrine [Law of the Case] provides that "if an appellate court has ruled upon a legal question and remanded for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case. (cits.om)
>
>Because Cooper did not raise the waiver issue in its special action petition and we *expressly declined* to address waiver, there has been *no prior appellate decision* on waiver, and law of the case is inapplicable. (emphasis added)

Romarm's reliance on its Law of the Case argument is no more sympathetic here. It cannot be allowed to invoke a doctrine for an issue that was *not* decided. This District Court is left free to decide this issue without any encumbrance by the doctrine. This Court could hardly issue a "conflicting order" under the Doctrine when the issue of Romarm's state sovereignty has never been reached and there is no Comity present. Moreover, it is an issue of Subject Matter Jurisdiction which may be raised at any time.

**"II. B.  <u>Plaintiffs are Bound by the Allegations in their Complaint.</u>**

**Errata: Plaintiffs' Complaint Cannot Be Bound By "Legal Effect".**

5

Fourthly, Defendant, Romarm, at Reply, 7, asserts that "Plaintiffs' refiled Complaint … actually establish Defendant's independent status as a private corporation operation in the marketplace." Reply, at 7

Romarm cites no authority for such a conclusory opinion, that a Complaint, on its face, can ultimately decide Romarm's "legal status", and it must be given "presumptive independent status", separate from the Romanian government, simply because of Romarm's engagement in "commercial activity".

Obviously, "commercial activity" does not, *ipso facto,* rule out the fact that a foreign state agency-partnership may still be shown with the Romanian government to divest it from due process consideration.

"V. <u>Plaintiffs' Arguments Regarding Venue Establish That Plaintiffs Are Impermissibly Forum Shopping.</u>"

**Errata: "[L]ead plaintiff Norman Williams [did not] 'maintain[]' a "temporary residence' in the District of Columbia in order to bring a lawsuit in that forum…"**

Fifth, by innuendo, Romarm clearly assumes facts that are not in evidence, by its bald assertion that the Plaintiffs' are impermissibly forum shopping, by its suggestion that Norman Williams' moved into the District of Columbia to a "temporary residence", to take advantage of the former forum and later moved here to establish a new venue.

Romarm summarily ignores the "Declaration" of Mr. Williams that he has been domiciled in the State of Maryland since 1980, and that the only explanation for him having a District of Columbia address, in the former suit, is that he was living temporarily in the District of Columbia at the time of his son's death, and/or shortly thereafter. The mother of J.H. [Plaintiff Diane Howe] continues to live in the District of Columbia

His "declared" permanent residency in the State of Maryland does not hint at the the kind of chicanery Romarm wishes to pursue in its desire to impose "impermissible forum shopping" on this distraught parent who lost his son due to the discharge of one of Romamr's weapons.

The fact that Mr. Williams' son, J.H., was killed in the District of Columbia, by a Romarm's assault weapon, from a Maryland dealer, is, in and of itself, sufficient to establish venue here, if it was an "act" of negligence, or public nuisance, that caused the weapon to be brought illegally into the District of Columbia under its Assault Weapons Manufacturing Strict Liability Act (SLA), D.C. Code Sec. 7-2501.01. The focal point of "tortious injury" occurs from "acts" that are alleged to have begun in the State of Maryland. *See* Comp. Par. 15.

## CONCLUSION

Defendant, Romarm, is not justified in using its Reply to misconstrue the rules, law and fact to put on a defense in a more favorable light than is warranted and this must be corrected  by leave of leave of court.

Respectfully submitted,

Daniel Wemhoff, Esq. 09215
4600 S. Four Mile Run #831
Arlington, VA 22204
(703) 589-2199

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above Motion for Leave through the ECF system to opposing counsels, on this date, the 23nd of November 2014.

Daniel Wemhoff