IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORMAN WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 8:14-cv-03124-TDC |
| | ) |
| v. | ) |
| | ) |
| ROMARM S.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE a SURREPLY UNDER THE RULES
DUE TO SUBSTANTIAL ERRATA**

COMES NOW Defendant Romarm S.A. ("Romarm" or "Defendant"), by and through its undersigned attorneys, and files opposition to Plaintiffs' Motion for Leave to File a Surreply Under the Rules Due to Substantial Errata.

**STANDARD**

The filing of a surreply is generally disfavored. See Chubb & Son v. C & C Complete Servs., LLC, 919 F. Supp. 2d 666, 667 (D. Md. 2013). In fact, unless ordered by the Court, surreplies are prohibited. See D. Md. L.R. 105.2(a). The Court may permit surreplies, however, when a party is unable to contest matters that were raised for the first time in a reply brief. See, e.g., Venable v. Pritzker, 2014 U.S. Dist. LEXIS 73600, at *20-21 (D. Md. May 30, 2014); CompuSpa, Inc. v. IBM, 2004 U.S. Dist. LEXIS 11922, at *8-9 (D. Md. June 29, 2004); Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003). When seeking leave to file a surreply, the burden is on the moving party to identify the new arguments or the new facts that were raised in the reply brief. See Hsue Tung v. Peters, 2009 U.S. Dist. LEXIS 120031, at *9-10 (D. Md. Dec. 23, 2009) (denying a plaintiff's motion for leave to file a surreply when the "[p]laintiff did not

1

indicate that Defendant relied on a new argument or new fact in its Reply to the Plaintiff's Response to the Motion to Dismiss").

The District of Maryland has explained that it is improper for a party to seek leave to file a surreply to repeat prior arguments and/or to "re-address [a] legal issue." Shah v. Collecto, Inc., 2005 U.S. Dist. LEXIS 19938, at *11 (D. Md. Sept. 12, 2005) ("As Plaintiff admits through the use of the term 're-address,' Plaintiff does not seek to respond to any new issue brought up for the first time in [Defendant's] reply, and Plaintiff has previously had ample opportunity to clear up any such "confusion" that may exist [in the opposition]."); see also Venable, 2014 U.S. Dist. LEXIS 73600 at *20-21 (denying leave to file a surreply where the plaintiff was "reiterating arguments she previously made in her response to the . . . motion" and "[b]ecause [Plaintiff] had an adequate opportunity to address those concerns"). Along the same vein, a surreply is not permitted simply because a party failed to raise an argument in opposition. EEOC v. Freeman, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (denying a motion for leave to file a surreply because "[t]he [plaintiff] did not lack a chance to respond to many of the arguments that it points to now; it simply squandered its chance, and cannot now claim prejudice").

Furthermore, general or vague claims of inaccuracies or mischaracterizations in a party's reply brief cannot serve as bases for filing a surreply. See Freeman, 961 F. Supp. 2d at 802 ("Vague allegations of inaccuracies alone do not sway this Court to permit the filing of a sur-reply."); Brown v. Prince George's County, 2012 U.S. Dist. LEXIS 100987 at *4 (D. Md. July 20, 2012) (refusing to permit a surreply to demonstrate how the reply "mischaracterize[d] the arguments . . . presented in opposition"); Khoury, 268 F. Supp. 2d at 606 (denying the plaintiff's motion for leave to file a surreply "to correct what [the plaintiff] perceive[d] to be Defendant's misrepresentations").

Finally, where arguments made by a defendant in a reply brief are merely responses to contentions made by a plaintiff in opposition, a surreply is not appropriate.  See, e.g., Venable, 2014 U.S. Dist. LEXIS 73600 at *20-21 ("The [Defendant's] Reply does not raise any new issues.  It directly addresses the contentions [Plaintiff] presented in her Response."); Freeman, 961 F. Supp. 2d at 801 (quoting Aguilar v. LR Coin Laundromat, 2012 U.S. Dist. LEXIS 61393, at *2-3 (D. Md. May 2, 2012) and explaining that "[w]here 'the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response,' a sur-reply is not appropriate").

**ARGUMENT**

Preliminarily, although dubbed a "motion for leave to file a reply," Plaintiffs' seven-page motion is, for all intents and purposes, a substantive surreply brief.  Since surreplies are not only disfavored but are also expressly prohibited by the Local Rules, Defendant contends that filing a surreply brief under the guise of a motion to leave is per se improper and should be stricken.

Regardless, Plaintiffs' motion for leave should be denied for more fundamental reasons; namely, that Plaintiffs failed to meet their burden of identifying the new arguments or the new facts purportedly raised by Defendant in its reply brief.  Plaintiffs argue that they want to submit a surreply to address five "serious errors" in Defendant's Reply, but *not one of these purported points of error is new as each issue was raised in the Memorandum of Law in Support of Defendant's Motion to Dismiss, which was filed on October 10, 2014 (Dkt. No. 9-1):*

|   | **Plaintiffs' Claimed Point of Error** | **Location of Argument in Defendant's Original Memorandum** |
|---|---|---|
| 1. | Plaintiffs' lawsuit was not timely commenced under Maryland Rule 2-101(b).  (Dkt. No. 28 at p. 1.) | See Dkt. No. 9-1 at pp. 13-15. |

3

| 2. | Plaintiffs Kevin Attaway and Jamael Blakely were never plaintiffs in the prior lawsuits. (Dkt. No. 28 at p. 2.) | See Dkt. No. 9-1 at pp. 13-15. |
|---|---|---|
| 3. | The law of the case doctrine and principles of judicial comity establish that Romarm is an independent entity for purposes of due process analysis. (Dkt. No. 28 at p. 2.) | See Dkt. No. 9-1 at pp. 9-10. |
| 4. | Plaintiffs are bound by the allegations in their Complaint. (Dkt. No. 28 at p. 5.) | See Dkt. No. 9-1 at p. 9. |
| 5. | Plaintiffs' arguments regarding venue establish that Plaintiffs are impermissibly forum shopping. (Dkt. No. 28 at p. 6.) | See Dkt. No. 9-1 at p. 17. |

As the record clearly establishes, none of the "points of error" raised by Plaintiffs in their motion for leave are new or were raised for the first time in reply. Plaintiffs were aware of Defendant's legal arguments; had the opportunity to address the arguments; and did, in fact, address the arguments in opposition. Under the circumstances there is absolutely no basis for Plaintiff to seek leave to file a surreply. Peters, 2009 U.S. Dist. LEXIS 120031 at *9-10. Simply wanting to get in the last word is not a basis for seeking leave to file a surreply. See Shah, 2005 U.S. Dist. LEXIS 19938 at *11.

Moreover, as clearly evidenced by the text of the document itself, Defendant's reply was limited to addressing the purported arguments raised by Plaintiffs in opposition. (See Dkt. No. 26 at p. 1 ("In opposing Romarm's argument that their lawsuit was not timely commenced, Plaintiffs argue that . . . ."); p. 4 ("Plaintiffs also argue that Romarm should not be entitled to due process protection when assessing jurisdiction because . . . ."); p. 5 ("In opposition, Plaintiffs do not refute the case law cited by Romarm regarding the law of the case doctrine or the principle of judicial comity."); p. 6 ("contrary to Plaintiffs' assertions in opposition"); p. 7 ("Even if the 'minimum contacts' issue had not already been decided, Plaintiffs' arguments still lack merit

4

based on the allegations in their new Complaint."); p. 8 ("In opposition, Plaintiffs attempt to confuse what is really a straightforward issue . . . ."); p. 10 ("In response to Romarm's argument that venue is improper, Plaintiffs argue that venue is appropriate because . . . .").) Accordingly, Plaintiffs' request for leave is baseless. See Venable, 2014 U.S. Dist. LEXIS 73600 at *20-21 ("The [Defendant's] Reply does not raise any new issues. It directly addresses the contentions [Plaintiff] presented in her Response.").

Finally, Plaintiffs' blanket claims of "serious errors" and misrepresentations ring hollow and are insufficient to permit the filing of a surreply. See Freeman, 961 F. Supp. 2d at 802 ("Vague allegations of inaccuracies alone do not sway this Court to permit the filing of a sur-reply."); Brown v. Prince George's County, 2012 U.S. Dist. LEXIS 100987 at *4 (D. Md. July 20, 2012) (refusing to permit a surreply to demonstrate how the reply "mischaracterize[d] the arguments . . . presented in opposition"). As the facts and procedural history demonstrate, no new issues were raised in reply and Plaintiffs' motion for leave is a transparent attempt to improperly manipulate the local rules to have a second opportunity to "re-address" legal issues that have already been briefed. Shah, 2005 U.S. Dist. LEXIS 19938 at *11.[1]

## CONCLUSION

Based on the foregoing and upon the well-settled legal precedents, Plaintiffs' motion for leave to file a surreply should be denied and the arguments contained within the motion for leave should be stricken.

---

[1] The undersigned takes exception to Plaintiffs' unfounded accusation that Defendant has "us[ed] its Reply to misconstrue the rules, law, and fact . . . ." (Dkt. No. 28 at p. 7.) Defendant has fully complied with the letter and spirit of the Federal and Local Rules; has accurately cited to relevant precedent and authority; and has faithfully presented the lengthy procedural history of this matter to the Court.

Dated: Florham Park, New Jersey
      December 8, 2014

                Respectfully submitted,

By: <u>s/Anthony M. Pisciotti</u>
     Anthony M. Pisciotti, Esq. (pro hac vice)
     Jeffrey M. Malsch, Esq. (pro hac vice)
     PISCIOTTI, MALSCH & BUCKLEY, P.C.
     30 Columbia Turnpike, Suite 205
     Florham Park, New Jersey 07932
     (973) 245-8100
     (973) 245-8101 (facsimile)
     apisciotti@pmblegalfirm.com
     jmalsch@pmblegalfirm.com

and

John Parker Sweeney, Esq.
James W. Porter, III, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 719-8256
(202) 719-8356 (facsimile)
jsweeney@babc.com
jporter@babc.com

ATTORNEYS FOR DEFENDANT
ROMARM S.A.

**CERTIFICATE OF SERVICE**

This is to certify that, on December 8, 2014, a true and accurate copy of the foregoing was filed with the Court's CM/ECF electronic filing system, which automatically sent notification of such filing to all attorneys of record registered to receive same:

Daniel Wemhoff, Esq. # 420233
4600 S. Four Mile Run Dr. #831
Arlington, Virginia 22204
(703) 589-2199

                Respectfully submitted,

By:  s/Anthony M. Pisciotti
      Anthony M. Pisciotti, Esq. (pro hac vice)
      Jeffrey M. Malsch, Esq. (pro hac vice)
      PISCIOTTI, MALSCH & BUCKLEY, P.C.
      30 Columbia Turnpike, Suite 205
      Florham Park, New Jersey 07932
      (973) 245-8100
      (973) 245-8101 (facsimile)
      apisciotti@pmblegalfirm.com
      jmalsch@pmblegalfirm.com

      and

      John Parker Sweeney, Esq.
      James W. Porter, III, Esq.
      BRADLEY ARANT BOULT CUMMINGS LLP
      1615 L Street, N.W., Suite 1350
      Washington, DC 20036
      (202) 719-8256
      (202) 719-8356 (facsimile)
      jsweeney@babc.com
      jporter@babc.com

      ATTORNEYS FOR DEFENDANT
      ROMARM S.A.