**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NORMAN WILLIAMS, *et al.*, | ) |
| | ) |
| Plaintiffs, | )   Case No.:  8:14-cv-03124-TDC |
| | ) |
| v. | ) |
| | ) |
| ROMARM S.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PER FRCP RULE 59(e) AND MOTION FOR LEAVE TO AMEND COMPLAINT PER FRCP RULE 15(a)(2) AND (c)

COMES NOW Defendant Romarm S.A. ("Romarm"), by and through its undersigned attorneys, and files this response in opposition to Plaintiffs' Motion to Alter or Amend Judgment Per FRCP Rule 59(e) and Motion for Leave to Amend Complaint Per FRCP Rule 15(a)(2) and (c).

## ARGUMENT

As will be shown, Plaintiffs' motion must be denied as they have wholly failed to sustain their burden to show any of the three grounds on which a Rule 59(e) motion may be granted. Further, even if Plaintiffs could sustain their burden on the Rule 59(e) aspect of the motion, the motion should be denied as permitting the filing of the proposed Amended Complaint would be futile and Plaintiffs have already filed five separate Complaints or Amended Complaints related to these claims, all of which have resulted in dismissal.

## I.    PLAINTIFFS' RULE 59(E) MOTION

The threshold issue for Plaintiffs' motion is whether they have included sufficient facts and argument to meet their burden in asking the Court to amend or alter its Order dismissing the

matter per its Order dated July 17, 2015 (Docket No. 49).  "Although Rule 59(e) does not itself provide a standard under which a district court may grant" such a motion, the Fourth Circuit has recognized only three grounds "for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(citing Lockheed Martin Corp. Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997).  Plaintiffs do not complain that there was an "intervening change in controlling law" or "a clear error of law."  Thus, Plaintiffs appear to be claiming that either they have "new evidence not available" prior to dismissal, or the amendment is needed to "prevent manifest injustice."  Based on a review of the proposed Amended Complaint, neither argument is viable.

"[T]he district court may not grant [a Rule 15(a)] motion unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b)."  Mayfield v. NASCAR, 674 F.3d 369, 378-79 (4th Cir. 2012).  Plaintiffs argue that a Rule 59(e) motion and a Rule 15(a) motion "rise and fall together." A better summary of the interrelationship of the Rule 59(e) motion and the Rule 15(a) motion, in this context, is if the Court were to abuse its discretion in denying a motion to amend a pleading prior to dismissal, then an appellate court would rule that both the Rule 59(e) motion and Rule 15(a) motions should be granted.  Id.  Here, Plaintiffs cannot show that any of the three grounds for relief under Rule 59(e) are present, and further, they cannot show that the proposed Amended Complaint would have survived Defendant's Motion to Dismiss (i.e., that the filing of an amended complaint would not be futile).

"Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a

novel legal theory that the party had the ability to address in the first instance." <u>Pac. Ins. Co.</u>, 148 F.3d at 403.  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  <u>Richardson v. Union Pub. Safety Dep't Police</u>, 2011 U.S. Dist. LEXIS 127990, *6 (citing <u>Crosswhite v. E.I. Dupont de Nemours & Co.</u>, 896 F.2d 1366 (4th Cir. 1990)).  It is clear that Plaintiffs' motion is simply their attempt to try argue new points available prior to the issuance of the judgment or reargue points that have already been made to, and rejected by, this Court, as well as the federal courts in the District of Columbia.  This includes Plaintiffs' argument that "Romarm, through its General Manager, Mr. Crisan, thereby waived any claim or defense that there was no personal jurisdiction over it" when he sent a letter to the District of Columbia clerk dated October 25, 2011.  Without addressing the validity of such an argument (or the lack thereof), any such argument arising from this letter was clearly available to Plaintiffs when they were before the District Court in Washington, D.C., and of course this Court more recently. Plaintiffs are unhappy litigants and this motion should not be used as "one additional chance"[1] to sway the Court.

"Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must provide a legitimate justification for not presenting the evidence during the earlier proceeding.'" <u>Pac. Ins. Co.</u>, 148 F.3d at 403 (citing <u>Small v. Hunt</u>, 98 F.3d 789, 798 (4th Cir. 1996)(internal citation omitted).  Here, not only have Plaintiffs failed to identify any "newly discovered evidence," but they have wholly failed to justify why any new factual allegations set forth in the Amended Complaint were not presented in some form during the briefing or at argument on Defendant's Motion to Dismiss.

---

[1] In the present context, it may be more appropriate to think of it as "yet *another* additional chance" to sway a court.

"In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (citing 11 Wright et al, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).   Plaintiffs had a full and fair opportunity to present all well pleaded facts, and even evidence beyond the four corners of the Complaint, in opposition to Defendant's Motion to Dismiss. Thus, the extraordinary remedy using Rule 59(e) is not appropriate in this case.  The Court issued a well-reasoned, thorough and substantive analysis of all claims; and ultimately agreed with Romarm's position that this Court lacked personal jurisdiction over Romarm.  While Plaintiffs are clearly not satisfied with this result, their future options to try to pursue their claims, wherever that properly may be, do not include the motion before this Court.

## II.   PLAINTIFFS' RULE 15(A) MOTION

Rule 15 allows a party to amend its pleading once before being served with a responsive pleading. Fed. R. Civ. P. 15(a). "The right to amend is never absolute, however, as a District Court may deny a motion to amend if it concludes that the amendment would be futile." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  The Court may also deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182.

1.  Amendment is Futile

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. Bradley v. ValMejias, 379 F.3d 892, 901 (10th Cir. 2004) (citing Jefferson County Sch. Dist. V. Moody's Investor's Servs., 175 F.3d 848, 859 (10th Cir. 1999)). "A court properly

may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason. . . ." <u>Bauchman v. West High School</u>, 132 F.3d 542, 562 (10th Cir. 1997). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996); <u>see also</u> <u>Ketchum v. Cruz</u>, 961 F.2d 916, 920 (10th Cir. 1992) ("A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim."). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." <u>Id.</u>; <u>Thompson v. Gjivoje</u>, 687 F. Supp. 922, 924 (S.D.N.Y. 1988). "[A] complaint which consists of *conclusory allegations unsupported by factual assertions* fails even the liberal standard of Rule 12(b)(6)." <u>DeJesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65, 70 (2d Cir. 1996)(emphasis added)(internal citations omitted).  Here, the Court's analysis and dismissal of Plaintiffs' Complaint is equally applicable to the proposed Amended Complaint, and as such, the amendment would be futile.

   a.   <u>No New Allegations</u>

   It is clear that Plaintiffs, for some unknown reason, are seeking to delete numerous causes of action, but they fail to point the Court to any new, well pleaded, factual allegations that support their jurisdiction arguments. In fact, even a cursory review of the proposed new allegations reveal that Plaintiff's Proposed Amended Complaint does not - and cannot - assert any facts sufficient to state a claim for relief that is plausible on its face.  Plaintiff has only offered conclusory and generalized allegations that are contradicted by the record and which fail even the liberal standard of Rule 12(b)(6).

   b.   <u>Plaintiffs Failed to Plead Facts to Establish Minimum Contacts Between Romarm and the Forum</u>.

Ultimately, if the Court deems it necessary, the question is whether Plaintiffs alleged specific facts to establish minimum contacts with the forum in the propose Amended Complaint? Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 30, 396 (4th Cir. 2003).  The answer to this question is still a resounding "no."  The incident giving rise to Plaintiffs' lawsuit occurred wholly in the District of Columbia and occurred after criminals illegally trafficked and utilized a firearm manufactured by Romarm in Romania.  (Dkt. No. 1-1, Plt. Compl., ¶¶ 3-4.) The only alleged connections to the State of Maryland are:  (1) that Romarm sells its products "outside the United States for distribution to dealers inside the United States" and (2) "the weapon was transported from the State of Maryland" into Washington, D.C.  (Id. ¶¶ 4, 5.)  Now, Plaintiffs add the additional allegations that Romarm firearms made their way into "warehouses in Prince Georges County, and elsewhere in Maryland" and "Romarm has received at least $1 Million in revenue from the sales of its weapons that have been stored in Maryland and distributed or sold by affiliated dealers in Maryland over that period."  See proposed Amended Complaint, Docket No. 50-1, ¶¶ 33-34.  Plaintiffs still cannot link Romarm to activity targeted to the forum.  General allegations that Romarm's products make their way into Maryland are not sufficient.  The fact that Plaintiffs claim that Romarm sold its products outside the United States is simply not enough to establish minimum contacts with the forum because a broad desire to target the United States through a distributor does not establish personal jurisdiction.  See McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct 2780, 2791-92 (2011) (Breyer J., concurring). Plaintiffs' convoluted arguments in support of its motion to amend simply do not alter the conclusion that their Complaint and proposed Amended Complaint contain insufficient facts to establish minimum contacts between Romarm and the forum.

2. Plaintiffs' Attempt to Amend is Dilatory, in Bad Faith and Further Evidence of Repeated Failures to Cure Deficiencies by Amendments Previously Allowed

On or about April 22, 2011, Plaintiffs Norman Williams and Diane Howe commenced a lawsuit against Romarm in the Superior Court of the District of Columbia ("First Lawsuit"). (Dkt. No. 9-3, Dkt. Sheet for 2011 CA 002349.)  The plaintiffs made no attempt to serve either complaint.  A Second Amended Complaint was subsequently filed on or about August 30, 2011. (Dkt. No. 9-4, Plt. Am. Compl. 8/30/11.)  On or about March 26, 2012, Plaintiffs Williams and Howe voluntarily dismissed their pending lawsuit, and the case was dismissed on April 2, 2012. (Dkt. No. 9-5, Dkt. Sheet for Civ. Action No. 1:11-cv-01924-ABJ.)

On March 20, 2012, less than one week before voluntarily dismissing their First Lawsuit, Plaintiffs Williams and Howe filed a second lawsuit against Romarm in the District Court for the District of Columbia.  (Dkt. No. 9-6, Plt. Comp. 3/20/12.)  As the record from the prior lawsuit in the District Court for the District of Columbia reflects, on or about October 3, 2012, a Motion for Leave of Court to Amend Pleadings and Join Similarly Situated Parties was filed by Plaintiffs' counsel.  (See Dkt. No. 17 at Ex. B.)  However, on the date the motion was filed, District Judge Emmet G. Sullivan entered an order permanently striking the motion for leave to amend because "Plaintiffs' motion only attaches a document that purports to list what would be added to the current complaint, rather than attaching the amended complaint as a whole."  (See Dkt. No. 9-7, 1:12-cv-00436-EGS Dkt. Sheet at p. 5.)

Finally, Plaintiffs filed this Complaint on or about September 2, 2014, bringing claims for wrongful death arising from the shooting deaths of certain minors.  (See Dkt. No. 1-1, Plt. Compl.)

As such, prior to the subject motion for leave under Rule 15(a), Plaintiffs have filed or attempted to file five (5) Complaints or Amended Complaints related to these claims. This Court

was addressing Plaintiff's fifth attempt at properly and sufficiently crafting a pleading that would survive a Rule 12(b)(6) challenge.  The Court should deny leave to amend based on "repeated failure to cure deficiencies by amendments previously allowed." <u>Foman</u>, 371 U.S. at 182. Plaintiffs have had sufficient opportunities to cure the defects and inadequacies in their pleadings and have failed to do so.

<strong><u>CONCLUSION</u></strong>

The majority of Plaintiffs' arguments in support of the motion do not appear relevant to the analysis for Rule 59(e) or Rule 15(a).  These would include issues related to the PLCAA (15 U.S.C. 7901, *et seq.*), FSIA (28 U.S.C. 1602, *et seq.*), venue, and statute of limitations issues. Nothing about the incident, filing of the prior actions, the applicability of the PLCAA or FSIA to this action, or the location of the incident or residences of the plaintiffs have changed in any way between the Complaint and the proposed Amended Complaint. It is somewhat baffling why paragraphs 9-31 are even included in the supporting brief. However, if the Court finds such arguments relevant to the issues presented in the subject motion, Defendant refers to and incorporates its arguments on these issues as presented in its Motion to Dismiss (Dkt. No. 9), its Reply brief (Dkt. No. 26), and at oral argument.

Based on the foregoing and upon the arguments and legal authorities outlined herein, it is respectfully requested that Plaintiffs' Motion to Alter or Amend Judgment Per FRCP Rule 59(e) and Motion for Leave to Amend Complaint Per FRCP Rule 15(a)(2) and (c) be denied.  The Court is respectfully requested to grant such other and further relief deemed necessary and just, including the imposition of costs and fees against Plaintiffs.

Dated: Florham Park, New Jersey
      September 3, 2015

Respectfully submitted,

By:   s/Jeffrey Malsch
    Anthony M. Pisciotti, Esq. (pro hac vice)
    Jeffrey M. Malsch, Esq. (pro hac vice)
    PISCIOTTI, MALSCH & BUCKLEY, P.C.
    30 Columbia Turnpike, Suite 205
    Florham Park, New Jersey 07932
    (973) 245-8100
    (973) 245-8101 (facsimile)
    apisciotti@pmblegalfirm.com
    jmalsch@pmblegalfirm.com

    and

    John Parker Sweeney, Esq.
    James W. Porter, III, Esq.
    BRADLEY ARANT BOULT CUMMINGS LLP
    1615 L Street, N.W., Suite 1350
    Washington, DC 20036
    (202) 719-8256
    (202) 719-8356 (facsimile)
    jsweeney@babc.com

    ATTORNEYS FOR DEFENDANT
    ROMARM S.A.

## CERTIFICATE OF SERVICE

This is to certify that, on September 3, 2015, a true and accurate copy of the foregoing was filed with the Court's CM/ECF electronic filing system, which automatically sent notification of such filing to all attorneys of record registered to receive same:

> Daniel Wemhoff, Esq. # 420233
> 4600 S. Four Mile Run Dr. #831
> Arlington, Virginia 22204
> (703) 589-2199
> danwem@yahoo.com

Respectfully submitted,

By:   s/Jeffrey Malsch
Anthony M. Pisciotti, Esq. (pro hac vice)
Jeffrey M. Malsch, Esq. (pro hac vice)
PISCIOTTI, MALSCH & BUCKLEY, P.C.
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
(973) 245-8101 (facsimile)
apisciotti@pmblegalfirm.com
jmalsch@pmblegalfirm.com

and

John Parker Sweeney, Esq.
James W. Porter, III
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
(202) 719-8256
(202) 719-8356 (facsimile)
jsweeney@babc.com

ATTORNEYS FOR DEFENDANT
ROMARM S.A.