UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NORMAN WILLIAMS,
DIANE HOWE,
KEVIN ATTAWAY, and
JAMEL BLAKELEY,

    Plaintiffs,

v.

ROMARM, S.A.,

    Defendant.

Civil Action No. TDC-14-3124

**ORDER**

Pending before the Court is Plaintiffs' Motion to Alter or Amend Judgment per FRCP Rule 59(e) and Motion for Leave to Amend Complaint per FRCP Rule 15(a)(2) and (c) ("Motion"). ECF No. 50. In the Motion, Plaintiffs seek reconsideration of the Court's July 17, 2015 Memorandum Opinion and Order dismissing the Complaint for lack of personal jurisdiction, ECF Nos. 48 & 49, as well as leave to file an amended complaint.

**I.    Motion for Reconsideration**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). Having reviewed Plaintiffs' submission, the Court finds no claim of a change in controlling law, and any additional facts offered were previously available during the

pendency of the prior motion to dismiss. The Motion identifies no basis to conclude that the Court's prior ruling was erroneous or created a manifest injustice. Because the Court finds that none of the required conditions have been met, it will not reconsider its prior ruling dismissing the Complaint for lack of personal jurisdiction.

## II.     Motion for Leave to Amend

Plaintiffs also seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15. Because final judgment has been entered, the Court may not grant leave to amend unless the judgment is vacated pursuant to Rule 59(e). *Mayfield*, 674 F.3d at 378. However, a conclusion that leave to amend should be granted is a sufficient basis to vacate a judgment under Rule 59(e). *See id.*; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006). Thus, the analysis centers on whether leave to amend is warranted under Rule 15(a)(2).

"[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered." *Laber*, 438 F.3d at 427; *Matrix Capital Mgmt. Fund, LP v. Bearingpoint, Inc.*, 576 F.3d 172 (4th Cir. 2009). When a party moves for leave to amend a complaint, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be denied only if one of the following has been established: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith by the moving party; or (3) the amendment would be futile. *Mayfield*, 674 F.3d at 379; *Matrix Capital*, 576 F.3d at 193. Here, there is no significant prejudice to the Romarm because the case never proceeded to the filing of a responsive pleading. Where leave to amend was sought shortly after the Court's dismissal of the Complaint, there is no evidence of bad faith. Because Plaintiffs have filed only one prior complaint in this Court and thus have had only one opportunity to plead facts sufficient to establish personal jurisdiction in Maryland,

justice would typically warrant the granting of another opportunity. Thus, the key question is whether amendment would be futile, specifically, whether an amended complaint could possibly establish personal jurisdiction over Romarm.

A review of Plaintiffs' Motion and proposed amended complaint does not provide a single answer to this question. On the one hand, Plaintiffs' allegations relating to personal jurisdiction appear to center on the theory that because Romarm is wholly owned by the Government of Romania, there is necessarily personal jurisdiction, without regard to due process considerations, under 28 U.S.C. § 1330(a), which provides that "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district court has jurisdiction." 28 U.S.C. § 1330(b) (2012). The Court rejected this argument in its July 17, 2015 Memorandum Opinion, based on a prior ruling in related litigation that Romarm has a commercial function, is an agency or instrumentality "separate and distinct" from the sovereign, and thus has due process rights protecting it from personal jurisdiction unless minimum contacts with Maryland can be established. That conclusion is supported by case law such as *GSS Group Ltd. v. National Port Authority*, 680 F.3d 805 (D.C. Cir. 2012), cited by Plaintiffs, which held that a corporation, even if wholly owned by a foreign government, has due process rights if it operates as an independent juridical entity. *Id.* at 815. The remaining case law cited by Plaintiffs in the Motion is inapposite because it relates to cases brought against a foreign government itself, not an independent state-owned agency or instrumentality with a commercial function. *See, e.g., L.T. Consultants v. Pakistan*, 351 F.3d 1184, 1191 (D.C. Cir. 2003); *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 39, 52 (D.D.C. 2008). An amended complaint that simply reargues this point would likely be futile.

On the other hand, the proposed amended complaint also provides new allegations relating to Romarm's contacts with Maryland. It alleges that pursuant to Romarm's agreements with distributors, "at least 1,000 assault weapons annually for the past ten years, and other firearms manufactured by Romarm, and imported into the United States, were placed in warehouses in Prince George's County, and elsewhere in Maryland, under the protection of Maryland state law." Proposed Am. Compl. ¶ 33, ECF No. 50-1. It further alleges that "Romarm has received at least $1 million in revenue from sales of its weapons that have been stored in Maryland or sold by affiliated dealers in Maryland" over the past ten years. *Id.* ¶ 34. In a supplemental submission, Plaintiffs also offer documentation that appears to establish that the firearm used in the shootings at issue in this case was sold by a licensed firearms dealer in Upper Marlboro, Maryland in 2007. Although the Court does not reach a determination at this time whether these facts establish personal jurisdiction, they provide substantially more evidence of contacts between Romarm and Maryland than the limited facts presented in the original Complaint, which the Court deemed insufficient even to warrant jurisdictional discovery. Under these circumstances, the Court cannot conclude that an amended complaint would be futile.

Accordingly, it is hereby ORDERED that the Motion for Leave to Amend, ECF No. 50, is GRANTED. The Court vacates the judgment, Fed. R. Civ. P. 59(e), and grants leave to amend the complaint, Fed. R. Civ. P. 15(a)(2). Plaintiffs shall file their amended complaint, following the procedures set forth in Local Rule 103.6, within 28 days of this Order. Because the proposed amended complaint submitted with the Motion focused on the statutory basis for personal jurisdiction, did not explicitly address the due process element of personal jurisdiction, and did not include all of the facts referenced above, the Court directs Plaintiffs to revise its draft and submit an amended complaint that fully addresses the due process considerations referenced in

this Order, including by stating with specificity all known facts relating to Romarm's contacts with Maryland. An amended complaint that does not establish minimum contacts between Romarm and Maryland may be subject to dismissal with prejudice.

It is so ORDERED.


Date:   February 19, 2016                              /s/
                                           THEODORE D. CHUANG
                                           United States District Judge